ALBERT WEBB, Respondent, *v.* THE ROME, WATERTOWN AND OGDENSBURGH RAILROAD COMPANY, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1871.)

Where coals, negligently dropped from the defendant's locomotive, set fire to the ties under its track, and from thence spread through the defendant's premises and ran into the plaintiff's woodland adjoining, and burnt and damaged the wood and soil,—*Held* (following the decision in *Field* v. *New York Central Railroad*, 32 N. Y., 339, as based upon substantially the same facts), that the plaintiff could recover for the damages sustained.

*Field* v. *New York Central Railroad*, and *Ryan* v. *Same* (35 N. Y., 210), commented upon and compared.

THIS was an appeal by the defendants, upon a case and exceptions, from a judgment entered upon a verdict at the Jefferson county circuit.

The plaintiff sued, as the owner of a tract of land adjoining the defendant's roadway, to recover damages for injuries to his land and the burning of the wood thereon, which he alleged had been caused by the defendant's negligence, and obtained a verdict for some $950. The facts sufficiently appear in the opinion of the court.

*Wynn & Porter*, for the appellant.

*James F. Starbuck*, for the respondent.

Present — JOHNSON and TALCOTT, JJ.

By the Court — JOHNSON, J. It appears from the verdict that the defendant's locomotive engine, in passing by the

plaintiff's land, dropped and scattered coals from the ash-pan along the track, and that from such coals a fire was kindled upon the defendant's track, and from thence spread along the side of the track through defendant's premises to the premises of the plaintiff immediately adjoining, and caused the injury and damage complained of. The judge at the circuit charged the jury that the defendant, having the lawful right to use fire in moving its engines and trains along its track, could not be made liable unless it had been guilty of negligence in the use of such fire, and the fire in question had been kindled and was the result of such negligence. It was claimed by the plaintiff, and the evidence tended to prove, that the coals from which the fire was first kindled were dropped from the ash-pan of the passing engine; and there was no question or pretence that they had been dropped in any other manner, if they came from the engine. In regard to that, the jury were charged, that, unless the ash-pan, with its screen, was defectively constructed, or had been negligently managed by the defendant's agents in charge of the locomotive, and the coals had dropped therefrom in consequence of such defective construction or negligent management, the defendant was not liable; otherwise, it would be liable.

The case, in its facts, it will be seen, was almost identical with the case of *Field* v. *New York Central Railroad* (32 N. Y., 339). In that case the fire was kindled upon the defendant's track by means of coals falling from passing locomotives thereon, and spread from thence to the plaintiff's cord-wood in the adjacent field several rods distant. The coals were carelessly dropped, on the defendant's own premises, by reason of the defects in the ash-pans of the engines, many of them having no screens to prevent coals from falling. The recovery in that case was upon the ground that the defendant had carelessly dropped coals upon its own premises and had thereby rendered itself liable for damages occasioned by the kindling and spreading of fire from such coals. The recovery was sustained upon that ground in the Court of Appeals. It will be seen also that the rulings at the cir-

cuit, in the present case, in receiving evidence in regard to the origin of the fire, and the practice of dropping coals along the track in the neighborhood of the fire, are covered and sustained by the decision in that case, and in the case of *Sheldon* v. *Hudson River Railroad* (14 N. Y., 218).

It is claimed on the part of the defendant that inasmuch as the injury and loss were not the direct and immediate result of the dropping of the coals upon its own premises, but resulted from the spreading of the fire and the combustion of other substances and other property between the point where the coals were dropped and the plaintiff's property, the defendant is not liable. The case of *Ryan* v. *New York Central Railroad* (35 N. Y., 210), is relied upon as an entire bar to a recovery in this case. It must be admitted, I think, that the principle upon which that case was decided covers this case, and goes to show that no recovery can be had in such a case, where the fire is negligently kindled on the defendant's premises, and spreads from the burning of the defendant's own property to the property of another on adjacent premises. The decision in that case was put expressly upon the ground that the latter fire is not the immediate, but the remote result of the negligence by which the first fire was kindled. The learned judge who delivered the unanimous opinion of the court says, "that a building upon which sparks and cinders fall should be destroyed or seriously injured must be expected, but that the fire should spread and other buildings be consumed is not a necessary or usual result. That it is possible, and that it is not unfrequent, cannot be denied." These results, however, he further adds, depend "not when any necessity of a further communication of the fire, but upon a concurrence of accidental circumstances, such as the degree of the heat, the state of the atmosphere, the condition and materials of the adjoining structures, and the direction of the wind. These are accidental and varying circumstances. The party has no control over them, and is not responsible for their effects."

This is certainly very strong and persuasive reasoning ; and were it not for the decision in the case of *Field* v. *New York Central Railroad* (*supra*), I should feel constrained to hold that it was decisive of the case at bar. The decision, it will be seen, is not placed upon any exceptional ground of distinction between rural and urban property, but upon the broad ground that such a fire is occasioned by remote and secondary causes, and is not the direct and immediate result of the negligence.

But although the case of *Field* v. *N. Y. Central Railroad Company* is cited by the learned judge in his opinion, it is not overruled unless it must be deemed to have been by reason of the adverse principle determined. The case is cited by the learned judge in his opinion as one where the spark went directly from the engine to the property consumed, whereas an examination of the case shows that the path of the fire was traced directly from the wood-pile to the place where the coals had been dropped upon the defendant's track, as in the case at bar. That case is the only one to be found in the reports, so far as my observation goes, or my attention has been directed, where the fire has not been, either intentionally set by the defendant on his own premises, or lighted directly upon the property consumed, from the fire he was lawfully but carelessly using. It is also worthy of observation that in that case the point now raised, whether the fire which occasioned the injury and damage was the immediate or the remote result of the negligence does not appear to have been suggested or passed upon in either court. But so long as that decision is permitted to stand without being directly overruled by the Court of Appeals in which it was made, we think this court should continue to follow it in all cases depending upon the same state of facts. We are of the opinion, moreover, that as the decisions in the Court of Appeals now stand, in the two cases of *Field* v. *The New York Central Railroad*, and *Ryan* v. *Same* (*supra*), this case ought to go to that court on the point now raised, and have the rule there definitely settled in cases like this, which are

likely to be of frequent occurrence. It is difficult to see, it must be admitted, how both decisions can stand, or if a distinction can be found, on what substantial ground of principle it can be placed. In the one case the defendant suffers serious loss and damage by the carelessness before the plaintiff's property is endangered and destroyed, and in the other not. But in both cases the injury is occasioned by the spreading of the fire after it has been kindled through carelessness. It is manifest that the circumstance of the defendant's loss by the negligence cannot affect the principle of exemption or of liability.

The question is certainly one of vast importance at this time, when an element so dangerous if carelessly handled and used is carried with such frequency and speed through the length and breadth of the land by a power itself generates in its passage, and under no control except that of the parties for whose immediate benefit it is thus carried and used or their servants. The principle is equally important to those who so use the element as a motive power and to those who are liable to be injured by its escape along the path of its transit.

For the foregoing reasons we think the judgment should be affirmed.

Ordered accordingly.

The action having been tried by the presiding justice, he does not sit in the case.