Term of the Fifth District in *Strong* v. *Wheaton*, (38 *Barb.* 616,) and was also referred to as correct by Denio, J., in *Carman* v. *Plass*, (23 *N. Y.* 286.)

The defendants are two of the parties who are severally liable on the same obligation, and are therefore within the express language of § 120. Upon this ground the order sustaining the demurrer is *reversed*, with leave to the defendants to amend within twenty days, on payment of costs.

MULLIN, P. J., concurred.

E. D. SMITH, J., having made the order appealed from, did not sit.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin* and *Talcott*, Justices.]

---

## McCOUN *vs.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

A complaint alleged that the defendant, by its servants, &c., negligently set fire to and destroyed the plaintiff's raspberry patch. It was proved that the fire was started by means of a burning brand, thrown from a passing locomotive upon the defendant's own land, where it set fire to the grass, and the fire spread to the raspberry patch, which adjoined. It was not shown that the person who threw off the brand was in the employ of the defendant; but it was proved that he was upon the engine, and apparently engaged at work there, with his coat off. *Held* that this fairly raised a presumption that such person was in the employ of the defendant, and was rightfully engaged at work upon the engine, in the absence of all explanation.

On a motion for a nonsuit, the defendant objected that there was "no proof of negligence on the part of the defendant, its agents or servants." *Held* that this objection did not call the attention of the court and counsel to the insufficiency of the proof that the person who cast off the burning brand was in fact one of the servants of the defendant; but on the contrary, was calculated to lead to the supposition that the fact was conceded.

The defendant also objected that it did not appear but that the casting off of the burning brand was the wilful act of the person who did it, and not

McCoun *v.* New York Central·and Hudson River R. R. Co.

within the scope of his employment. *Held* that, in the absence of proof to the contrary, it was to be presumed that the fireman or engineer did the act in question in the performance of his usual duties.

It was also objected that the damage was too remote from the act complained of. *Held* that in this particular the case was governed by the principles laid down in *Field* v. *New York Central R. R. Co.,* (32 *N. Y.* 339,) and *Webb* v. *The Rome &c. R. R. Co.,* (3 *Lans.* 453.)

APPEAL by the defendant from a judgment entered on the report of a referee.

*A. P. Laning,* for the appellant.

*T. M. Webster,* for the respondent.

*By the Court,* TALCOTT, J. This action is brought upon the allegation that the defendant by its servants, &c., negligently set fire to and destroyed the plaintiff's raspberry patch, of about two acres. The fire was started by means of a burning brand thrown from a passing locomotive on to the defendant's own land, where it set fire to the grass, and the fire thus spread to and was communicated to the raspberry patch which adjoined. It was not shown that the person who threw off the brand was in the employ of the defendant. It was shown that the person who threw off the brand was upon the engine, and apparently engaged at work there with his coat off. This, we think, fairly raised a presumption that he was in the employ of the defendant and was rightfully engaged at work upon the engine, in the absence of all explanation. The defendant knows whether the person was its engineer or in its employ, or not. The plaintiff could only judge from the appearances. Besides, the attention of the court and counsel was not fairly called to any such objection, on the trial. The only claim to raise the objection here arises on the motion for a nonsuit. And the only ground of nonsuit suggested which can be supposed to raise this objection is, "that there is no proof of negligence on the part of

the defendant, its agents or servants." This did not call attention to any objection as to the sufficiency of the proof that the person who cast off the burning brand was in fact one of the servants of the defendant, but on the contrary, was calculated to lead to the supposition that that fact was conceded.

Substantially the same answer applies to the objection now apparently raised specifically for the first time; namely, that it did not appear but that the casting off of the burning brand was the wilful act of the person who did it, and not within the scope of his employment. We think that, in the absence of any proof to the contrary, it is to be presumed that the fireman or engineer did the act in question in the performance of his usual duties.

As to the objection that the damage was too remote from the act complained of, the case seems to be governed by the principles laid down in *Field* v. *The N. Y. Central R. R. Co.*, (32 *N. Y.* 339,) and *Webb* v. *The Rome &c. R. R. Co.*, (3 *Lans.* 453,) affirmed, as we are informed, by the Court of Appeals. The questions of negligence and contributory negligence were in this case questions of fact, and must be considered to have been disposed of as such by the referee.

The judgment is affirmed.

. [Fourth Department, General Term, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]