The referee found as facts that the plaintiff performed professional services for the defendant, to the amount alleged in the complaint — $2,161. That of such services, those which were rendered before the 1st of January, 1869, were worth $600, and those rendered after the last day of December, 1868, were worth $1,561.
The necessity of thus apportioning the plaintiff's claim arose from the fact that on the last day of December, 1868, the plaintiff filed his petition in bankruptcy, under which he afterward obtained a discharge from his debts. So much, therefore, of his claim as accrued prior to December 31, 1868, passed to the assignee in bankruptcy, and the plaintiff was entitled to recover only that portion of his bill which was earned after the filing of such petition.
These findings were excepted to, and the question is thus raised whether there was any evidence in the case to sustain them.
The evidence as to the employment of the plaintiff by the defendant is conflicting, and we cannot say that the finding *Page 89 
of such employment is absolutely unsustained. We cannot, therefore, review it. As to the value of the entire services, the finding is sustained by the testimony of the plaintiff, except as to $100 which he admits to have been charged twice. But as to the apportionment of these services made by the referee, after a careful examination of all the evidence in the case, we are unable to find any upon which the referee could have based his finding. The services began, according to the testimony of the plaintiff himself, in the year 1864, and continued from that time to the latter part of 1869. The plaintiff testifies that he cannot tell precisely, without looking at the papers, what share of the services were rendered since the last day of December, 1868, but he thinks that a great share of them were rendered since that time. He afterward testifies that his impression is that most of the services were rendered subsequent to December 31, 1868. But he nowhere states that he has examined his papers or undertakes to make the apportionment, and there is no evidence in the case, other than this, in support of the finding that upward of five-sevenths of them were rendered after December 31, 1868.
Evidence is contained in the case in relation to some of the services rendered before and after December 31, 1868; but so far from sustaining the finding, that evidence establishes that it cannot be correct. The plaintiff testified to specific services rendered after January 1st, 1869, amounting to $376. The other items, making up the $2,161, consisted of a charge of $500 for a general counsel fee in two creditors' suits entitled Hovey v.Hill, and a counsel fee of $250 for preparing for and attending a reference in the same cases. A further charge of $1,000 for a counsel fee in a case entitled Hill v. Grant, and two petty charges amounting to thirty-five dollars complete the $2,161. The plaintiff was not attorney in any of these cases, and his charges are purely for counsel fees. The creditors' suits, in which the charges of $500 and $250 are made, were commenced in 1864, tried in 1865; decided adversely to the defendant in January, *Page 90 
1868; appealed to the General Term in May, 1868. The appeal was never argued but the actions were settled, and there is not a particle of evidence that any services were rendered therein by the plaintiff after 1868.
The case of Hill v. Grant, in which the charge of $1,000 is made, was tried before Hon. H. Gardner, as referee, in 1868. The plaintiff testifies that he argued the case before the referee; that he was thirty days trying the case before the referee. The trial was concluded and case submitted to the referee in November, 1868. The referee reported adversely to the present defendant in February, 1869, and his decision was affirmed at General Term, in 1869. After 1868, the services rendered by the plaintiff, in that case, consisted in completing a brief, commenced in 1868, for submission to the referee after the close of the trial, preparing points for the argument of the appeal to the General Term, and assisting and taking part in that argument in conjunction with Mr. Justice TALCOTT. It is evident that, on this evidence, the referee could not properly have found that the whole of the $1,000 fee was earned after 1868. Furthermore, it was admitted by the plaintiff, on his examination, that this charge of $1,000 included services to the amount of $100, rendered in 1868, upon a motion for which $130 had been charged in a previous item of the plaintiff's bill; which item is included in the $376 first mentioned as the amount of services specifically proven to have been rendered prior to 1869; and that, in arriving at the total of $2,161, this charge has been duplicated.
On this evidence, the finding that only $600 of the plaintiff's charges were earned before January 1, 1869, and that $1,561 thereof were earned afterward, is not only totally unsupported, but is contrary to the plaintiff's own testimony.
The Supreme Court, at General Term, declined to pass upon these questions, on the ground that the case, as made, does not state that it contains all the evidence given upon the trial. We do not think that this is a sound position. *Page 91 
When exceptions are taken to findings of fact and a case is made for the purpose of reviewing those findings, it must be assumed that all the evidence in support of the findings excepted to is inserted in the case. If the party making up the case omits any such evidence it is the plain duty of the other party to cause to be inserted, by amendment, all evidence which he deems material to sustain the findings excepted to. Even when a strict bill of exceptions is made, it is presumed to contain so much of the evidence as is essential to the decision of the points raised by the exceptions. The exceptions here being to findings of fact, it must be assumed that the case contains all that is necessary to enable the court, intelligently, to pass upon the exceptions.
The error in the apportionment of the plaintiff's charges is sufficient to require a reversal of the judgment, without regard to the other questions in the case.
The judgment should be reversed, and new trial ordered.
All concur.
Judgment reversed.