ALBERT G. TRAVIS, RESPONDENT, *v.* ELIZA B. SCRIBA, APPELLANT.

*Married woman — when liable for purchases made by husband — Agency — what shows — Ratification.*

The defendant, a married woman, owned and managed a farm. While she was absent in Florida her husband, who was, to some extent, managing it for her, bought certain trees of the plaintiff and set them out on the farm. After her return the plaintiff was introduced to her, by her husband, as the man who had sold *them* the trees, and on a subsequent occasion, in the absence of her husband,

she told the plaintiff, who had called for the money for the trees, that she did not have it then, but if he would leave the bill she would send the money to his son's office. The husband testified that he bought the trees on his own account and not as agent for his wife. The plaintiff charged the trees to the husband and testified that he supposed he was dealing with him alone. *Held,* that the evidence did not show that the husband had acted as agent for an undisclosed principal, and that the wife was not liable for the price of the trees.

Where a husband purchases property as the agent of his wife without authority from her, her subsequent promise to pay the price thereof may be deemed a ratification of his act and, therefore, equivalent to a prior authority; but where the husband does not act as the agent of the wife but for himself the subsequent promise to pay by the wife is a promise to answer for the debt of another, and if not in writing is void under the statute of frauds.

Nor is her liability, in such a case, affected by the fact that the purchase inures to the benefit of her separate estate.

APPEAL from a judgment, of the County Court of Westchester county, in favor of the plaintiff, entered upon the trial of this action by the court without a jury, and from an order denying a motion for a new trial made upon a case and exceptions.

The action was brought to recover the value of certain fruit trees sold by the plaintiff to the husband of the defendant, and for the price of which it was claimed that the defendant was liable, it being alleged that the husband had acted as her agent in making the purchase and that the trees were set out on a farm belonging to, and managed by, the defendant.

*Wm. G. Cooke,* for the appellant.

*Marvin R. Smith,* for the respondent.

GILBERT, J.:

No doubt a contract made by an agent in his own name for an undisclosed principal binds the principal. But unless the contract was in fact made for the undisclosed principal, neither a married woman nor any other principal can be made liable upon the contract. The court below found as a fact that the husband acted as the agent of the defendant (his wife) in the purchase of the trees and setting the same upon the farm of the defendant, but did not disclose such agency to the plaintiff. The question is whether the evidence sustains this finding.

It appears that the defendant owned the farm; that when the trees were purchased and set out she was absent in Florida, and during her absence her husband, to some extent at least, managed the business conducted on the farm. The plaintiff testified that after the return of the defendant he called at the residence of herself and her husband and on that occasion was introduced to the defendant by her husband as the man that sold *them* the trees, and that on a subsequent occasion when he called at the same place, in the absence of the husband, he told her he had come to get the money for the trees, and the defendant replied that "she did not have the money then but if he would leave the bill she would send the money to his son's office. The testimony of the husband goes to show that he purchased the trees on his own account and not for his wife. The plaintiff charged the trees to the husband. He also testified that he supposed the husband, and he only, was the person he was dealing with. Such, in substance, is the evidence respecting the nature of the transaction, and the finding being excepted to we must suppose that the case contains all the evidence on which such finding was based. (*Perkins* v. *Hill*, 56 N. Y., 87.) We think the evidence hardly warrants the inference that the husband acted, in respect to the purchase, as the agent of his wife or in her behalf. If in fact he did not make the purchase for her she is not liable. It is not enough that the trees were purchased for the purpose of improving her separate estate. The law does not forbid a purchase by the husband on his own account for that purpose. If the evidence was sufficient to show that the trees were in fact purchased for the wife, although such purchase was made in the husband's name and without any antecedent authority from the wife, yet her promise to pay the price might be deemed a ratification of his act and as such equivalent to a prior authority. The purchase being for the benefit of the wife's estate a very slight matter would serve to prove a ratification, and the promise of the wife to pay no doubt is sufficient for that purpose. (*Coml. Bk. of Buffalo* v. *Warren*, 15 N. Y., 577.) But where a husband, who is supposed to have acted for his wife in making a purchase, did not so act but acted for himself, there is nothing to ratify. The promise of the wife is one to answer for the debt of her husband, and being verbal merely, if otherwise valid, it would still be within the statute of frauds and

void. But the fact that the substantial benefits of the purchase by the husband accrued to the wife furnishes no consideration for her promise. She was under no moral obligation to pay for chattels bought by her husband and put upon her farm without her procurement, and, therefore, the principle decided in *Goulding* v. *Davidson* (26 N. Y., 604) is not applicable to this case.

There have been a number of conflicting decisions on this subject, but it seems to be now settled that to charge a wife in a case like this there must be some evidence that the husband acted as agent and not as principal; that his contract was for the wife, and that she was understood to be the contracting party. (*Jones* v. *Walker*, 63 N. Y., 612.) We think the evidence in this case, fairly considered, shows that the husband acted not as agent for his wife but as principal, and, therefore, that he only is liable for the debt due the plaintiff.

A new trial must be granted, with costs to abide the event.

DYKMAN, J., concurred; BARNARD, P. J., not acting.

Order of County Court denying new trial reversed, and new trial granted costs to abide event.