HOLATIO M. SPENCE AND JACOB C. CUPLER, RESPONDENTS, *v.* WILLIAM CHAMBERS, APPELLANT, IMPLEADED WITH JOSHUA BOURNE.

| | |
|---|---|
| 39 | 193 |
| 62 | 481 |
| 39 | 193 |
| 69 | 406 |
| 39 | 193 |
| 86 | 438 |

*Practice — settlement of a case, when a referee's findings of fact are to be reviewed as being against the weight of evidence — as having no evidence to support them.*

Where a party appealing from a judgment, entered upon the report of a referee, desires to raise in the appellate court the question that any finding of fact is against the weight of evidence, he must have the case so prepared as that it shall appear therefrom that all the evidence, bearing on the finding of fact sought to be reviewed, is set forth therein.

Where however, he claims that a particular finding of fact is without any evidence to support it, and he has excepted thereto as provided in section 993 of the Code of Civil Procedure, thereby presenting for review only a question of law, it is unnecessary to state in the case that all the evidence bearing on such finding is set forth therein.

*Porter* v. *Smith* (7 Civ. Pro., 195) followed; *Perkins* v. *Hill* (56 N. Y., 87) distinguished.

APPEAL from a judgment in the plaintiff's favor, entered upon the report of a referee for the sum of $227 damages.

The action was for goods sold and delivered by the plaintiffs to the appellant and his co-defendant Eliza S. Bourne, upon their joint account and promise to pay for the same. The appellant alone appeared and answered and admits that the plaintiffs were copartners and denies every other allegation, and pleads payment of their entire demand excepting the sum of $200. The referee found that the appellant and one Eliza Bourne, the wife of Joshua Bourne,.

were the owners of an oil lease and held the same as tenants in common, each owning an undivided one-half part thereof, and that they drilled oil wells on the land, and that such mining operations were carried on by them jointly; that the plaintiffs furnished torpedoes and the same were exploded in the wells for the purpose of increasing the yield of oil, and that Joshua Bourne acted as agent for his wife and had charge of the business and property for her, but did not disclose his agency to the plaintiffs; that he was held out by himself and the defendant Chambers as the owner and party interested in such property and business, and that his wife was not known in connection therewith; that such torpedoes as were furnished by the plaintiffs were sold by them to and upon the credit of the defendant William Chambers and the said Joshua Bourne, and as a conclusion of law, that the plaintiffs were entitled to judgment for the sum of $227 damages. To the report the defendant filed exceptions to the findings of fact and to the conclusions of law. The action was originally against Joshua Bourne, and after the trial and before judgment, on an order of the court, Eliza S. Bourne was substituted as a defendant in his place. No objection was made by the defendant in his answer or on the trial as to the misjoinder of Eliza S. Bourne, nor as to the misjoinder of Joshua Bourne.

*Benton C. Rude*, for the appellant.

*Norton & Cheeseman*, for the respondents.

BARKER, J. :

The evidence on the questions of fact was largely contradictory. When the plaintiff rested the proofs were ample to support the plaintiff's claim and the conclusions of the referee as set forth in his report. The evidence produced by the appellant tended to prove that the goods supplied and used on the property, jointly owned by himself and his co-defendant, Eliza S. Bourne, were sold to the agent of the latter as the purchaser and upon his sole credit, and that the defendant was not liable as a party to the sale. The appellant now claims that the findings of fact excepted to were against the weight of evidence, and his counsel has made an elaborate argument in support of this contention.

This court upon an appeal from a judgment, entered upon the report of a referee, has the power to review the findings of fact and determine from the evidence whether they are without any evidence to support them or are against the weight of evidence. There is no certificate of the referee attached to the case that all the evidence given on the trial is set forth therein, or all of the same bearing on either of the questions of fact sought to be reviewed on this appeal. The point was made by the respondents' counsel on the oral argument. As it does not appear that all the evidence given on the trial is contained in the case, this court must assume that the evidence was sufficient to sustain the finding of fact. This presents a question of practice of great importance and constantly arises on the argument of cases tried by the court without a jury or by a referee, and often produces much embarrassment on the part of the counsel for the appellant and not less so to the court. We are of the opinion that under the present Code, by a fair construction of its provisions, the rule to be adopted is, if the case does not show that it contains all the evidence given on the trial, or all bearing on the findings of fact sought to be reviewed, this court will assume that the evidence was sufficient to uphold the findings of fact. Such was the rule adopted in another department of this court after a careful consideration of the question. (*Porter* v. *Smith*, 7 Civ. Pro. R., 195.) A party dissatisfied with the findings disposing of an issue of fact on a trial by the court without a jury, or by a referee, cannot take an exception thereto. This is positively prohibited by section 992. All exceptions are limited to rulings on questions of law. A finding of fact without any evidence to sustain it is declared by section 993 to be a ruling upon a question of law, to which an exception may be taken by either party. It has therefore been held, and very properly, as we think, that this court may determine on appeal whether a finding of fact is against the weight of evidence without taking exception thereto. (*Mead* v. *Smith*, 3 N. Y. Civ. Pro. R., 171; S. C., 26 Hun, 639.)

Unless the provisions of the Code are susceptible of such a construction, then neither party can have any review in this court on questions of fact. Under the old Code (§ 268), a party desiring a review of a question of fact could take an exception to the finding thereon and it was necessary to do so to secure that right, and thus

the opposite party was advised before the settlement of the case of the particular findings of fact which were to be reviewed on appeal. Under this provision the General Term in the then Fourth Department held, in the case of *Perkins* v. *Hill*, that unless it appeared by the case that it contained all the evidence the court would assume that evidence was given upon the trial sufficient to sustain the findings of fact. The Court of Appeals, in the same case (56 N. Y., 87), thought it was not a sound rule and in remarking thereon said: " When exceptions are taken to findings of fact and a case is made for the purpose of reviewing those findings, it must be assumed that all the evidence in support of the findings excepted to is inserted in the case. If the party making up the case omits any such evidence it is the plain duty of the other party to cause to be inserted by amendment, all evidence which he deems material to sustain the findings excepted to. * * * The exceptions here being to findings of fact it must be assumed that the case contains all that is necessary to enable the court intelligently to pass upon the exceptions."

As no exception is now required or permitted to a finding on a question of fact, we think the rule of law there laid down is no longer applicable. As no exception is now required or permitted, the defeated party may, on appeal, claim and argue that either or all of the questions of fact upon which the conclusion of law excepted to are based is against the weight of evidence, and it is the duty of the court to examine all the evidence in the record and determine therefrom whether the appellant's position is well founded. In many cases the issues of fact are numerous and conflicting, and but one question of law is involved and may be disposed of in a single finding, yet, if an exception is taken to the legal conclusion and an appeal is brought from the judgment to this court, a review may be invoked by the appellant of every material question of fact where the claim is made, that the same is against the weight of evidence. If this proposition is correct it furnishes the true ground and reason for the rule of practice laid down in *Porter* v. *Smith* (*supra*), which we have concluded is the proper one to be adopted. If this rule is not to prevail then it will be absolutely necessary for the successful party, in every instance, to demand on the settlement of the case, that every item of evidence, bearing on any material issue, be fully set forth therein, for he can

not be advised of the particular question of fact intended to be reviewed on the appeal, and he cannot compel the appellant to disclose his position. It is most obvious that an appellate court cannot intelligently review a question of fact unless all the evidence is presented to it upon which the trial court, acted in disposing of the issues. In view of the change of practice effected by the new Code, it seems to be reasonable and fair to require a party demanding a review of questions of fact in this court, to present a case in which it shall appear that all the evidence bearing on the questions of fact which he seeks to review is fully set forth therein. This seems to be contemplated by section 997, for it is there provided, that the case must contain so much of the evidence and other proceedings upon the trial as is material to the questions to be raised thereby, and also the exceptions taken by the party making the case. A judge or referee, with a view of observing this provision, would ascertain, on the settlement of the case, from the party proposing the same the findings of fact intended to be reviewed on appeal. Having adopted these views, we decline to examine the proofs and see if the findings of fact were against the weight of evidence. For the purpose of avoiding all misapprehension as to the rule adopted by us in this opinion, we restate the points intended to be decided. First. In a case where the appellant intends to raise the question on appeal, that any finding of fact is against the weight of evidence, then it must appear by the case that all the evidence bearing on the finding of fact sought to be reviewed is set forth therein. Second. If it is claimed by the appellant that a particular finding is without any evidence to support it, and is excepted to as provided in section 993 of the Code of Civil Procedure, and thus presenting a question of law only, then it is unnecessary that any statement that all the evidence bearing on the finding is set forth in the case.

We have carefully examined each of the exceptions taken during the progress of the trial on the receipt and rejection of evidence, and it does not appear that they disclose any error.

The judgment should be affirmed, with costs.

Present — SMITH, P. J., HAIGHT and BRADLEY, JJ.

Judgment affirmed.