### IAQUINTO v. BAUER.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

1. APPEAL—MOTION FOR NEW TRIAL—EVIDENCE—SCOPE OF REVIEW—EXCEPTIONS.

    Where, on appeal from an order denying a motion for a new trial, the case did not show that it contained all the evidence, the appellate court was limited to a consideration of the exceptions.

2. WITNESSES—CROSS-EXAMINATION—CREDIT.

    Where plaintiff was injured by the fall of defendant's wagon after collision between the wagon and a street car, and suit was brought against defendant alone, but there were circumstances warranting an inference that the railway company was assisting plaintiff in the action, defendant was entitled to ask an employé of the railway company, on cross-examination, where he had been while waiting under subpœna for the call of the case, where he met the other witnesses, etc., and whether a particular person had served him with a subpœna, for the purpose of affecting his credibility.

3. SAME.

    It was not error for the court to permit plaintiff to be asked on cross-examination whether he was suing the railway company or had made any claim against it, whether it had sent any one to see him, or had offered any settlement, or whether he had told a certain man that the railway company had offered $500 in settlement.

4. SAME.

    Where, in an action for injuries, defendant claimed that a street railway company was assisting plaintiff in the action, and there was evidence that an employé of the railway company had seen his written report of the accident in the hands of plaintiff's counsel, who admitted it had been lent to him, it was not error for the court to permit inquiry as to any acquaintance between plaintiff and his counsel previous to the beginning of the action, or as to the introduction of plaintiff to his at-

torney in order to show that the street railway company had suggested the retainer of the attorney.

**5. SAME.**

It was not error to permit a witness for defendant to state how he knew that an individual appearing to be interested in the trial of the case and in attendance was in the employ of the railway company.

**6. SAME.**

Where different witnesses had testified without objection that the conductor of a street car had taken the names of several other people in the car at the time of a collision between it and defendant's wagon, in which plaintiff was injured, it was not error to permit defendant to show that the railway company's employés took the names of witnesses at the time of the accident.

**7. SAME.**

In an action for injuries resulting from a collision between defendant's wagon and a street car, it was not error to permit defendant to prove that he had applied to the railway company after the accident for its list of witnesses, and that all information had been refused him.

**8. SAME.**

It was not error to permit a witness for defendant to testify that he called at the claim office of the railway company, and was told by a man in the office that he was the accident clerk, for the purpose merely of proving a request for information from the railway company, and a refusal thereof.

**9. SAME—USE OF STREET—INSTRUCTIONS.**

Where plaintiff was injured in a collision between a street car and a vehicle approaching each other at right angles, it was proper to charge that the question of the right-hand side or the wrong side of the street did not enter into the case.

**10. SAME.**

Where, in an action for injuries in a collision between defendant's wagon and a street car, an action was brought against defendant alone, but there was proof sufficient to warrant an inference that plaintiff was being assisted therein by the railway company, it was not error to refuse to charge that the railway company was not connected in any way with the conduct of the action on the part of the plaintiff, and to charge that the railway company was not a party to the action, but was involved therein because its servant was so involved.

Appeal from Trial Term, Queens County.

Action by Domenico Iaquinto against Louis Bauer. From a judgment in favor of defendant and from an order denying plaintiff's motion for a new trial, he appeals. Affirmed.

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ.

William P. Maloney, for appellant.

Charles C. Nadal, for respondent.

JENKS, J. The motion to dismiss the appeal from the judgment is granted, for it does not appear that it was perfected. But there is no flaw in the appeal from the order denying a motion for a new trial under section 999 of the Code, and the appellant may be heard thereon. Voisin v. C. M. Ins. Co., 123 N. Y. 120, 25 N. E. 325, 9 L. R. A. 612. But as the case does not show that it contains all of the evidence, we are limited to a consideration of the exceptions. Cheney v. N. Y. C. & H. R. R. Co., 16 Hun, 415, 419; Baylies on New Trials and Appeals, 270; Haebler v. Luttgen,

2 App. Div. 390, 37 N. Y. Supp. 794, affirmed 158 N. Y. 693, 53 N. E. 1125.

The action is for negligence, whereby the plaintiff, while working as a street sweeper in the municipal service, was injured by the fall of the defendant's wagon after collision between the wagon and a car of the Metropolitan Street Railway Company. Against exceptions upon objections of irrelevancy, incompetency, and immateriality the defendant was allowed to ask a witness on cross-examination where he had been while waiting under subpœna for the call of the case, where he had met the other witnesses and the other motorman, and whether a particular person had served him with a subpœna. In Miles v. Sackett, 30 Hun, 68, Daniels, J., for the court, approves the expression of Tilghman, C. J., in Cameron v. Montgomery, 13 Serg. & R. 128, that "a party against whom a witness is produced has a right to show everything which may in the slightest degree affect his credit." In Ryan v. The People, 79 N. Y. 593, Church, C. J., quotes from Greenleaf on Evidence as follows:

"The situation of the witness with respect to the parties and to the subject of the litigation, his intent, his motives, his inclinations and prejudices, * * * are all fully investigated and ascertained, and submitted to the consideration of the jury, before whom he had testified, and who have thus had an opportunity of observing his demeanor, and of determining the just weight and value of his testimony."

Ordinarily, a party may show how his adversary's witness was known or discovered, by whom he was subpœnaed, how he has demeaned himself during the trial, with whom he has associated or held converse, and any other circumstances which, like these, may indicate whether the witness is indifferent or more or less a partisan. The atmosphere of the case at bar made the inquiries particularly pertinent. As I have said, the injury was consequent to a collision between the defendant's wagon and the railroad corporation's car. The action was against the defendant alone. The witness was an employé of the railroad company. He had made a written statement of the accident to his employer. He had seen this statement in the hands of the plaintiff's counsel shortly before the trial. That counsel said that he once had the statement, but that it did not belong to him. The witness had been repeatedly subpœnaed, and been paid his fee by the starter of the railroad company. The purpose of these questions was indicated by the subsequent statement of defendant's counsel during the discussion of an objection, "I maintain this case is being supported by the railroad company." The questions went to the credibility of the witness, in revealing, possibly, his motive, and certainly his associations and surroundings during the trial, and the origin of his call to the witness stand. It is true that the employer is not a party to the action, so that the mere fact of the employment of the witness bore directly upon his credibility; but, on the other hand, it was certainly not an altruistic aider of the plaintiff. If the plaintiff recovered of the defendant, such recovery would be at least some assurance to the railroad company, for the plaintiff

was entitled to but one satisfaction, which would operate to the benefit of the joint tort feasor. Lord v. Tiffany, 98 N. Y. 412, 50 Am. Rep. 689; Knapp v. Roche, 94 N. Y. 329.

The court did not err in permitting cross-examination of the plaintiff as to whether he was suing the railroad company or had made any claim against it, whether it had sent any one to see him or had offered any settlement, or whether he had told a man named Cecillia that it had offered $500 in settlement. As he was entitled to but one satisfaction, which would inure to the benefit of this defendant, such questions were relevant and material, in that they might elicit the fact of the receipt of compensation or of part compensation for his injuries. They were also admissible in view of the relations between the railroad company and the plaintiff, indicated by previous testimony. I do not think it was error to permit inquiry as to any acquaintance between the plaintiff and his attorney previous to the beginning of this action, or as to the introduction of plaintiff and attorney. There was, as I have said, evidence which tended to establish the active interest of the railroad company on behalf of the plaintiff. The plaintiff's witness Boehmer had testified that he had seen his written report as employé of the railroad company to his employer in the hands of the counsel, and the counsel had admitted that it had been lent to him. If the defendant could also have shown that the company had caused or suggested the retainer of the attorney for the plaintiff, this fact might be considered by the jury on the question of credibility of the witnesses, of whom all, as to the accident, were employés of that corporation. There was no error in permitting the defendant's witness to state how he knew that an individual more or less in evidence as interested in the trial of the case and in attendance was in the employ of the railroad company. There was no error in permitting the defendant to show that the railroad company's employés took the names of witnesses at the time of the accident. The fact had been elicited from different witnesses theretofore, without objection, of whom two had testified that the conductor had taken the names of several other people in the car. There was, perhaps, some play for argument, based upon the reliance of the plaintiff upon the employés of the railroad company alone and his omission to call any other witnesses. It might have been argued that the plaintiff was not willing to rest his case upon the testimony of witnesses absolutely indifferent as to where the liability was cast, or that the hand of the railroad company in the management of this action was thus revealed. Finally, the answers to all of these questions put to the plaintiff could not have prejudiced the plaintiff, and there was no attempt to contradict him. It was not error to permit the defendant to show thereafter that he had applied to the railroad company for its list of witnesses, and that all information had been refused. If he had omitted such proof, he would not have accounted for his failure to call any such witnesses, and so have left his omission for the consideration of the jury. Bleecker v. Johnston, 69 N. Y. 309; Sugarman v. Brengel, 68 App. Div. 377, 74 N. Y. Supp. 167. It was not error

to permit a witness·for the defendant to testify that he called at the claim office of the railroad company, and was told by a man in the office that he was the accident clerk. Careful reading of the record shows that the exception is taken only to this statement. The defendant was seeking to prove a request upon the railroad company for its list of witnesses, and a refusal thereof. He proved a visit to the claim office of the company, and the presence of persons there. The purpose of·the testimony was not to show the status of any particular individual whom he found there, and there was no particular significance in the fact whether one of them inquired of was "the accident clerk." The final question was: "Q. What did they say? A. Refused any information whatever." Proof of the visit to the claim office, of the finding of employés there, of a request for information, was evidence·of the request and the refusal, aside from the question whether it was properly proved that one of the persons was "the accident clerk." See Leslie v. Knickerbocker Life Ins. Co., 63 N. Y. 27; McCoun v. N. Y. Cent. & Hudson R. R. Co., 66 Barb. 338.

The exception to the charge made in answer to the request of the defendant that, in view of the summing up, the question of the right-hand side or the wrong side of the street does not enter into the case, was not well taken. The cases cited by the learned counsel for the appellant are those of collisions between vehicles, wherein the respective rights of way in the streets were defined. Moreover, in this case, the defendant's wagon was not traveling along the street whereon the car was running,. but was attempting to cross it.

The plaintiff asked the court to charge that "there is no testimony in this case connecting the Metropolitan Street Railway Company in any way with the conduct of this action on the part·of the plaintiff." This was declined, and exception was taken. This ruling must be considered with the charge immediately preceding. I quote from the record:

"Plaintiff's Counsel: I ask your honor to charge that there is no evidence in this case whatever in any manner connecting the Metropolitan Street Railway Company with this action. The Court: The railway company is not a party to the action. I so charge. Plaintiff's Counsel: I ask you to charge that there is no evidence connecting the Metropolitan Street Railway Company with this action—the action which is now being tried. The Court: I do not think I can charge it in just that way. It appears, I think, in evidence, that it was operating this Sixth avenue line of cars. The motorman testified that he was in the employ of the Metropolitan Street Railway Company, and the conductor also. I cannot say that there is no evidence connecting the Metropolitan Street Railway with the action. Plaintiff's Counsel: Or with the conduct of the action. The Court: So far as the case itself is concerned, the Metropolitan Street Railway Company is not a party. No attempt is made here to enforce any liability against the Metropolitan Street Railway Company, but it is involved in the accident because its servant is involved in the accident. Plaintiff's Counsel: I except to that part of the charge. I ask your honor to charge that there is no testimony in this case connecting the Metropolitan Street Railway Company in any way with the conduct of this action on the part of the plaintiff."

I think that the court by its previous statements had made it clear that the jury was to understand the word "conduct" as they would

probably have understood it without explanation, namely, as refer-
ring to the preparation and to the management of the case.   There
was evidence that the statement of one of the witnesses, made to
the railroad company by that witness, as its employé, had been in
the possession of the plaintiff's counsel, while there was also evi-
dence that it had refused all information to the defendant.   There
was evidence that the railroad company subpœnaed some of the
witnesses and paid the subpœna fees.   There was evidence that
one of its employés was about the court during the trial, had talked
with some of the witnesses, and had told some of them when the
case was coming off, and that some of the witnesses were directed
from the office of the railroad company to attend the trial.

I think that the order should be affirmed, with costs.

Motion to dismiss appeal from judgment granted; order denying motion
for new trial affirmed, with costs.   All concur.