(112 App. Div. 352)

### CEBALLOS et al. v. MUNSON STEAMSHIP LINE.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

APPEAL—MATTERS REVIEWABLE—EVIDENCE.

Where no motion for a nonsuit on the ground that the evidence did not establish a cause of action was made in the trial court, and on appeal there is no certificate that the case contains all the evidence, the court can review only the exceptions.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 2916, 2917.]

Appeal from Trial Term, Kings County.

Action by Juan M. Ceballos and others against the Munson Steamship Line. From a judgment for plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, and MILLER, JJ.

Everett P. Wheeler, for appellant.

John H. Corwin, for respondents.

HIRSCHBERG, P. J.   The important questions of law which are presented by this appeal were disposed of on a former appeal.   See Ceballos v. Munson Steamship Line, 93 App. Div. 593, 87 N. Y. Supp. 811.   It was then held that the contract sued upon was not void for uncertainty, or so absurd or unreasonable as to be unenforceable; and also that it was not necessarily in violation of the federal anti-trust law. Act July 2, 1890, 26 Stat. 209, c. 647 [U. S. Comp. St. 1901, p. 3200]. The verdict then rendered in the plaintiffs' favor was found to be against the weight of evidence, but the judgment of nonsuit which followed the rendition of the verdict was reversed, in order to submit the questions of fact to another jury.

Adopting that decision as the law of this case, there is no question of law now presented which seems to require a reversal of the second judgment.   No motion was made for a nonsuit on the ground that the evidence did not establish a cause of action, and, as there is no certificate that the case contains all the evidence, we are limited to a review of the exceptions.   The case of Rosenstein v. Fox, 150 N. Y. 354, 44 N. E. 1027, is cited by the learned counsel for the appellant as authority for the proposition that a certificate or statement that the case on appeal contains all the evidence is not required on the review of a judgment entered upon a verdict and of an order denying a motion for a new trial.   That case, however, did not decide that such a certificate was not necessary in order to enable the appellant to obtain a review of the questions of fact involved in the controversy, but only decided that such a certificate was unnecessary in order to enable the appellant to obtain a review of the exceptions to the rulings of a trial judge or to his charge, although based upon the absence or insufficiency of the evidence.   The headnote correctly states the scope of the decision in this respect, as follows:

"A certificate that the case on appeal contains all the evidence, or all the evidence upon the questions sought to be reviewed, is not required in an action tried by a jury to entitle the appellant to a review of the exceptions to the rulings of the trial judge, or to his charge, although based upon the absence or insufficiency of the evidence; and in such an action it must be assumed that the respondent procured to be inserted in the case all the testimony he regarded as essential to sustain the rulings and charge of the court."

The decision in Rosenstein v. Fox, supra, was based largely upon the case of Porter et al. v. Smith et al., 107 N. Y. 531, 14 N. E. 446. In that case the court said (at page 533 of 107 N. Y., page 446 of 14 N. E.):

"The theory upon which a case is prepared and settled has long been understood to be that the appellant should insert in it all the evidence bearing upon the questions intended to be raised, and the respondent add by amendment whatever he deemed necessary to a solution of those questions.   An exception appearing in the proposed case serves as a notice to the respondent of an intention to raise the question of error in the ruling excepted to, and puts

'upon him the responsibility of adding by amendment any needed proof. Thus, on a motion for a nonsuit upon the ground that the evidence does not show a cause of action, an exception to the ruling warns the respondent that he must add any omitted fact essential in his judgment to sustain the ruling. And where, under the old Code, which permitted exceptions to findings of fact, such an exception was taken, it was notice of an intention to assail such finding as erroneous, and, if any proof necessary to sustain it was omitted from the proposed case, it became the duty of the respondent to supply it. We therefore held that the General Term, on appeal, should assume that the case contained all the evidence bearing upon the questions sought to be raised. Perkins v. Hill, 56 N. Y. 87. But the situation is radically changed by the provision of the new Code, forbidding exceptions to findings of fact. Under that practice, the respondent gets no warning or notice of an intention to review questions of fact, unless the case certifies that all the evidence has been included. If it so certifies, the respondent must look to it that nothing which he deems essential is omitted: but, if it does not so certify, he is not in fault for supposing that questions of law only are intended to be reviewed, and omitting to load the case with needless proof."

See, also, Iaquinto v. Bauer, 104 App. Div. 56, 93 N. Y. Supp. 388, and cases cited, to the effect that, upon an appeal in a jury case from an order denying a motion for a new trial made upon the minutes, the court is limited to a consideration of the exceptions taken at the trial, where the case does not show that all the evidence is returned.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.