Where, on trial of an issue of fact in proceedings to prove a will, an appeal is taken, it must be heard on a case made and settled by the surrogate, as provided by Code Civ. Proc. § 2576.

2. SAME—RECORD OF PROCEEDING.

Where exceptions are taken to the decision of the surrogate in proceedings to prove a will as to his findings as to the sanity of decedent in order to incorporate them in the record, all evidence which any party to the proceeding may claim to be material must be included in the case.

3. SAME—EVIDENCE IN RECORD.

Where, on appeal from a decree in proceedings to prove a will, objections were made to the receiving by the surrogate of testimony of witnesses over objection to their competency under Code Civ. Proc. §§ 829, 834, all material evidence must be included in the case on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 836.]

4. SAME—CERTIFICATE.

As in order to reverse a decree in proceedings to prove a will it must appear to the Appellate Court, under Code Civ. Proc. § 2545, that the exceptant was necessarily prejudiced thereby, a request by respondent that the surrogate certify that in his opinion the appellants were not prejudiced must be denied; that being a question for the Appellate Court.

In the matter of the will of David Goldsticker.  Appeal from a decree rendered in proceedings to prove a will.  Amendment of proposed case ordered.

Guggenheimer, Untermyer & Marshall, for appellants.

Parker & Aaron and Hamilton & Beckett, for respondent.

THOMAS, J.   The appeal is taken from a decree in a proceeding to prove a will rendered upon a trial by the surrogate of an issue of fact, and it must therefore be heard on a case to be made and settled by the surrogate as provided by law for the making and settlement of a case on appeal in an action.   Code Civ. Proc. § 2576.   Exceptions in writing to my decision were served and filed, and by this instrument a specific exception was made to my findings of fact as to the sanity of the decedent.   These exceptions are proposed to be included in the record of the appeal, and they cannot properly be disposed of by the Appellate Court without all of the material evidence taken before me being included in the record upon which the appeal is to be argued. It is suggested by the counsel for the appellants that they simply desire to have the questions of law fairly raised, and the only questions of law specifically pointed out to me are as to my rulings in permitting four witnesses to testify over objections made to their competency be-

cause of the provisions of sections 829, 834, Code Civ. Proc. The testimony given by these witnesses is set out at length, and amounts, I should judge, to something less than 5 per cent. of the entire evidence given upon the trial. The objections taken to the testimony of these witnesses brings up for review the question as to the technical accuracy of my rulings, and the further question as to whether by admitting the evidence, "it appears to the Appellate Court that the exceptant was necessarily prejudiced thereby," since under the law applicable to Surrogates' Courts the decree may not be reversed unless both of these propositions are determined favorably to the contentions of the appellant. Code Civ. Proc. § 2545.

It is quite obvious that no intelligent determination of the second of these questions can be made by any tribunal not having the whole record before it. With an apparent desire to obviate this difficulty, the appellants ask me to certify that the record as proposed by them "constitutes all of the evidence and proceedings on the trial bearing upon the exceptions which were set forth in the foregoing bill of exceptions." The respondents ask me to certify in substance that, in my opinion, the appellants were not prejudiced by my rulings, excepted to as already stated. I decline to make any certificate whatever on this subject based upon the record as now proposed. I cannot certify as required by the appellants, because, in my judgment, the certificate would not be true. I must refuse to certify as requested by the respondents, because the statute requires that the determination that the exceptant was not prejudiced by the rulings objected to must be reached by the appellate court. It cannot be conclusively established by a certificate of opinion made by the judicial officer whose action is drawn in question by the appeal. As a result of this reasoning, the proposed case must be amended by including therein all of the evidence which any party to the proceeding may claim to be material to the determination of the questions to be passed upon by the Appellate Court. Perkins v. Hill, 56 N. Y. 87, 91. This will probably include all of the evidence taken upon the trial. I will determine the proper practice to be pursued upon the settlement of the order to be made upon this memorandum.