GEORGE A. PORTER et al., Respondents, *v.* RICHARD PENN SMITH et al., Appellants.

Under the new practice introduced by the provision of the Code of Civil Procedure (§ 992), forbidding exceptions to findings of fact in actions tried by the court or a referee, and permitting questions of fact to be reviewed by the General Term without exceptions, it is the duty of an appellant desiring a review of questions of fact to see that the case contains a certificate that all the evidence has been included, or all bearing on the questions so sought to be reviewed; in the absence of the certificate the General Term has a right to refuse to review such questions.

(Argued November 28, 1887; decided December 13, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made January 29, 1885, which affirmed a judgment in favor of plaintiffs, entered upon the report of a referee. (Reported below, 35 Hun, 118.)

This action was brought to recover an alleged over-payment by which defendants contracted to sell and plaintiffs to purchase 10,000 tons of coal. A disputed question of fact on the trial was as to the price agreed to be paid. The referee found, as a fact, that plaintiffs' claim was correct. The judgment of affirmance contains this statement : " The question of fact was not considered and passed upon for the reason that the case did not contain a statement that it contained all the evidence or all bearing upon the question of fact sought to be reviewed."

*Louis Marshall* for appellants. The judgment of affirmance indicates that the court refused to review the facts upon the ground of a want of power; this presents a question of law reviewable here. (*Tilton* v. *Beecher*, 59 N. Y. 176 ; *Russell* v. *Conn.*, 20 id. 81 ; *Tracey* v. *Altmeyer*, 46 id. 598 ; *Brown* v. *Brown*, 58 id. 609 ; *Allen* v. *Myer*, 73 id. 1 ; *Tolman* v. *S. B. & N. Y. R. Co.*, 92 id. 353–356.) The opinion being referred to in the order, can be considered in ascertaining the grounds of decision by the courts below. (*Tolman* v. *S. B. & N. Y. R. Co.*, *supra*; *Verplank* v. *Member*, 74 N. Y. 620.) If the right to review the facts existed in the General Term, notwith-

standing the omission of the certificate, the defendants are entitled to a reversal and at least to have the case remanded to the General Term for a consideration of the questions of fact involved. (*Cox* v. *N. Y. C. & H. R. R. R. Co.*, 63 N. Y. 422.) Assuming that the certificate referred to was needed, the General Term had the right to review the facts, and to grant a new trial on the ground that the referee's findings and refusals to find were against the weight of evidence, or the proofs clearly preponderated in favor of a contrary result. (*Mead* v. *Smith*, 3 Civ. Pro. R. 171; 28 Hun, 639; Code, §§ 1337, 1338; *Baird* v. *Mayor, etc.*, 96 N. Y. 567; *Godfrey* v. *Moser*, 66 id. 250; *Starin* v. *Mayor, etc.*, 12 N. E. Repr. 643.) In order to confer upon the General Term the power to review the referee's findings of fact, it is not necessary that the case should contain a certificate, that it contains all the evidence given on the trial. (*Spence* v. *Chambers*, 39 Hun, 193; *Perkins* v. *Hall*, 56 N. Y. 91; *Johnson* v. *Witlock*, 13 id. 348; Rule 32, Supreme Ct.; *Howland* v. *Woodruff*, 60 N. Y. 73; *Jewell* v. *Steenburgh*, 58 id. 86; *Ryan* v. *Wavle*, 4 Hun, 804; *Lindsay* v. *People*, 63 N.Y. 150; *Dezell* v. *Row*, 1 T. & C. 4; *Beard* v. *Yates*, id. 21; *Perrin* v. *Hotchkiss*, 2 id. 370; *Parsons* v. *Coburn*, id. 324, 329: *Higby* v. *Heath*, 3 id. 783; *Magie* v. *Baker*, 14 N. Y. 438; *Hatch* v. *Fogarty*, 7 Robt. 488; *Field* v. *Lefler*, 50 Barb. 407; *Mayor, etc.*, v. *Erben*, 10 Bosw. 189; *Dainese* v. *Allen*, 14 Abb. N. S. 366; *Claflin*, v. *Meyer*, 75 N. Y. 260, 267.) The referee erred in not giving legal effect to the accounts stated and settled between the parties and in permitting the same to be opened without proof of fraud or mistake. (*Lockwood* v. *Thorne*, 11 N. Y. 170; *Harley* v. *Bankes*, 76 id. 618; *Fullerton* v. *Dalton*, 49 id. 659.) The referee erred in admitting in evidence the indorsement as part of the contract. (*James* v. *Patten*, 6 N. Y. 9; *Passaic Mfg. Co.* v. *Hoffman*, 8 Daly, 495; *Scofield* v. *Hernandez*, 47 N. Y. 318.)

*M. M. Waters*, for respondents, The case made on this appeal having been made under the Code of Civil Procedure,

section 997, as it contains only so much of the evidence as is necessary to present the questions intended to be raised and because it does not contain, or purport to contain, all the evidence the court will presume that the evidence was sufficient. (*Spence* v. *Chambers*, 39 Hun, 193.)　An appeal to this court presents the same and only the same questions as were determined by the General Term.　(Code Civ. Pro. §§ 13–37.)

Finch, J.　The General Term refused to review the questions of fact sought to be argued by the appellants, upon the ground that the case as made did not contain a statement that all the evidence given upon the trial was set forth within it; and the correctness of such ruling presents the sole question on this appeal.　The necessity of the certificate has been asserted several times in the Supreme Court (*Spence* v. *Chambers*, 39 Hun, 193; *Howland* v. *Howland*, 20 Hun, 472), and has been justified upon the ground of the changed practice under the new Code, which forbids exceptions to findings of fact.　(§ 992.)　The theory upon which a case is prepared and settled has long been understood to be that the appellant should insert in it all the evidence bearing upon the questions intended to be raised, and the respondent add by amendment whatever he deemed necessary to a solution of those questions.　An exception appearing in the proposed case serves as a notice to the respondent of an intention to raise the question of error in the ruling excepted to, and puts upon him the responsibility of adding by amendment any needed proof.　Thus on a motion for a nonsuit upon the ground that the evidence does not show a cause of action, an exception to the ruling warns the respondent that he must add any omitted fact essential in his judgment to sustain the ruling.　And where, under the old Code, which permitted exceptions to findings of fact, such an exception was taken, it was notice of an intention to assail such finding as erroneous, and if any proof necessary to sustain it was omitted from the proposed case it became the duty of the respondent to supply it.　We, therefore held that the General Term, on appeal, should

assume that the case contained all the evidence bearing upon the questions sought to be raised. (*Perkins* v. *Hill*, 56 N. Y. 87.) But the situation is radically changed by the provision of the new Code, forbidding exceptions to findings of fact. Under that practice the respondent gets no warning or notice of an intention to review questions of fact, unless the case certifies that all the evidence has been included. If it so certifies the respondent must look to it that nothing which he deems essential is omitted, but if it does not so certify he is not in fault for supposing that questions of law only are intended to be reviewed, and omitting to load the case with needless proof. These views of the General Term seem to us sensible and well founded, and since they more immediately concern the duty of that court and the practice at its bar, they should have great weight with us. We have fully considered the suggestions to the contrary presented by the appellants, but they have not convinced us that a different rule should be established. Its tendency would be to compel respondents to require in every case the insertion of all the evidence as a measure of safety, and though, as the appellants suggest, that difficulty might be removed by some action of the trial court in settling the case, and in some way putting that action in the record, it would hardly be wise to reverse a rule already adopted, which adequately reaches the desired result. in order that some other rule, no more effective or convenient, should be substituted.

We therefore deem it our duty to approve of the practice adopted.

The judgment should be affirmed, with costs.

All concur, except RUGER, Ch. J., not voting.

Judgment affirmed.