## DONOHUE v. HAMMEL.

(*Supreme Court, General Term, Third Department.* May 17, 1888.)

1. TRIAL—PREPONDERANCE OF EVIDENCE—WHAT CONSTITUTES.
    In an action to recover for stone furnished defendant, plaintiff testified that, at the time of making the contract for the stone, he showed defendant a bill containing the price of the stone, which was examined and assented to by him; that afterwards plaintiff presented the bill to defendant, and asked him if he did not accept it at the time of making the purchase, and he said he did. All this testimony was corroborated by other witnesses. Defendant testified, denying all of plaintiff's testimony, and introduced corroborating evidence. *Held* not such a preponderance of evidence as called for a reversal of a judgment for plaintiff.

2. NEW TRIAL—GROUNDS FOR—MISCONDUCT OF REFEREE.
    On a hearing before a referee, an offer, made by the referee in the presence of defendant, and without objection on his part, to protect plaintiff's interest, without pay, in another suit, wherein he was a nominal party, and the referee was attorney for plaintiff's son-in-law, who was one of the principal parties, is not ground for a new trial.

Appeal from judgment on report of D. M. DE WITT, Referee, and from special term, J. F. BARNARD, Justice.

Action brought by James Donohue against Charles Hammel. The case was tried before a referee, who found for the plaintiff, and from the judgment entered thereon defendant appealed. Defendant also moved in the court below to set aside the judgment, and for a new trial, on the ground that the ref-

v.1N.Y.s.no.8—26

eree was influenced adversely to defendant, and favorably to plaintiff, as follows: The referee was and had been counsel for one McAuliff, who was a son-in-law of plaintiff. Plaintiff had a mortgage on the land involved in the McAuliff controversy, but his claim was not disputed beyond what part of the land should pay it. The amount was $50 due on the mortgage. Pending the reference, and in presence of defendant's attorney, the referee told Donohue that he need not employ a lawyer in the McAuliff action, as he would look after his interest without pay, as he, Donohue, was a formal party only, and had nothing at stake. The defendant's attorney made no objections, and the hearing proceeded. At special term the motion was denied, and defendant appealed.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

John E. Van Etten, for appellant. William Lounsbery, for respondent.

INGALLS, J. This action was brought by the plaintiff to recover a balance claimed to be due him from the defendant for a quantity of stone sold and delivered the defendant. The only question litigated at the trial was in regard to the price to be paid for the stone; the plaintiff insisting that the price was agreed upon, as stated in a printed bill or list, which was exhibited to the defendant, at the time of the purchase of the stone, and examined and assented to by him. The plaintiff was examined as a witness in support of his claim, and produced other evidence in corroboration of his version in regard to the transaction. The plaintiff testified as follows: "I then pulled out this bill, paper marked 'Ex. A,' and showed it to him; and he looked at the face of the bill, and he agreed to pay what that called for; and then I called his attention to the back, and he agreed to that. He agreed to pay me what that bill called for." He further testified that, on a subsequent occasion, he presented the bill, which contained the price of the stone, to the defendant, and asked him if he did not accept the bill at the time of the purchase, and that the defendant answered, "Yes." The defendant testified at the trial, and denied that any specific price for the stone was agreed upon at the time of the purchase, and testified that no bill or list was exhibited to him containing price. He also denied that he subsequently acknowledged that, at the time of the purchase of the stone, he accepted the bill of price, as testified to by the plaintiff. The defendant produced further evidence in support of his testimony. Upon all the facts, the learned referee found in favor of the plaintiff. The evidence was conflicting, and he was called upon to weigh the same, and to draw inferences therefrom, which he was entirely competent to do; and we are satisfied that he performed the duty faithfully and intelligently. There is not shown such a preponderance of evidence in favor of the defendant's case as calls for a reversal of the judgment. Cheney v. Railroad Co., 16 Hun, 415, 420. Again, we do not perceive that the case contains a statement that all the evidence produced at the trial has been returned, which is necessary when a judgment is sought to be reversed upon the facts. Porter v. Smith, 107 N. Y. 531, 14 N. E. Rep. 446. In regard to the appeal from the order of the special term, we have examined the affidavits in regard to the connection of the referee with the McAuliff controversy, in which the plaintiff had some interest, and fail to discover ground for even a reasonable suspicion that he could have been influenced, in the slightest degree, adversely to the defendant, or his case, or favorably to the plaintiff. Indeed, the counsel for the appellant in his points substantially furnishes an answer to the objection which he makes to the referee on that account. We are convinced that the case has been fairly tried, and correctly decided, and that the judgment and order should be affirmed, with costs.