GEORGE W. BRAYTON, Individually and as Assignee, etc., Respondent, *v.* DARWIN W. SHERMAN, as Surviving Executor, etc., Impleaded, etc., Appellant.

*Court of Appeals, January* 14, 1890.

Reversing 24 N. Y. St. Rep. 369; 52 Hun, 615, Mem.

1. *Assignment for creditors.*—In an action by an assignee for creditors to set aside a transfer of firm accounts, he must show, in order to enable him to maintain the action, that the accounts belonged to the firm and not to one of the partners.

2. *Evidence.*—The testimony of a witness that the assignors transferred to a third person a list of accounts, is inadmissible, where it does not appear that he had the slightest knowledge on the subject, or that his opinion even was based upon any fact other than the presence of the list on the books of the vendee.

3. *Same. Account books.*—Parol evidence of the contents of, or the absence of entries in, account books, or an examination or result thereof without producing them, is inadmissible.

4. *Appeal.*—The general term will refuse to review questions of fact based upon conflicting evidence, in relation to which no exception lies, unless the case contains the statement that all the evidence is returned.

5. *Same. Exception.*—An exception filed to a finding of fact can only mean that it is intended to bring up the question of law that there is not any evidence to sustain the finding. In such case, the respondent must see that all the evidence which tends in any way to support such finding is contained in the case. The court of appeals can review the question raised by the exception to the finding of fact without the statement that the case contains all the evidence.

Appeal from a judgment of the general term of the supreme court, which modified and affirmed, as modified, a judgment entered upon the decision of the court.

*Esek Cowen*, for appellant.

*L. H. Northup*, for respondent.

PECKHAM, J.—I have looked in vain in this case for some evidence that the accounts alleged to have been transferred to A. Sherman were the property of the firm of Sheldon and Lawlover. This was a necessary fact to be proved in order to enable the plaintiff to maintain this action. Nor do I find

any evidence of the transfer of any accounts by Sheldon & Lawlover or Lawlover to Sherman.

The witness who first testified upon this subject was asked this question : About the 2d of June did the firm of Sheldon & Lawlover transfer to Mr. Sherman a list of accounts, a quantity of accounts ?  The question was objected to as calling for a conclusion of the witness, and that if in writing the writing should be produced.  The objection was overruled and the witness answered, " Yes, sir."  The objection was good and should have been sustained.  The subsequent examination of the witness showed that he was himself deciding what amounted to a transfer, and he showed that so far as he knew there was no writing and that what he called a transfer was simply a list of accounts appearing, as he said, upon the books of Sherman, the vendee, which list he (the witness) had copied from the books, and this list was admitted in evidence under objection that the books themselves were the best evidence.  The list was nothing but a statement of the names of individuals, with an amount of money set opposite each name.  Finally, the witness said that the list was not transferred by Sheldon & Lawlover, but he thought it was transferred by Lawlover.  It does not appear that he had the slightest knowledge on the subject, or that his opinion even was based upon any other fact than the presence of this list on the books of the vendee or assignee Sherman.

We do not think that the error committed in the attempt to prove the assignment by proving the contents of Sherman's books, without producing them, was in any way remedied by the testimony of the defendant Sherman, the executor of the deceased Sherman, the alleged transferee.  The defendant said he had tried to collect the amounts specified in the list which had been transcribed from the books of the deceased Sherman, and found some of them worthless.  This did not prove the assignment to Sherman of such accounts, nor did it make any admission of such assignment.  Nor

does the plaintiff prove by the defendant Sherman, by any other part of his evidence, any assignment by the firm of Sheldon & Lawlover to A. W. Sherman. He testifies that he (witness) agreed to pay $500 excise money owed by Law-lover, and that Lawlover assigned the accounts to the witness, which were taken to re-pay the witness. It was by evidence of an assignment of the accounts by the firm that the effort was made to prove the firm owned the accounts. Whether it would have showed any such fact if proved, is not very important, as the only proof in fact is of what is called by the witness an assignment to him, and not A. W. Sherman, of the accounts by Lawlover alone, and not by the firm.

And again, we do not see that there is any proof that the property transferred to Sherman was not the property of Lawlover, which he had a right to transfer in payment of his individual debt. This is involved in the question of the existence of any proof that the property transferred to Sherman was the property of the firm of Sheldon & Lawlover.

There were a number of errors in the admission of evidence of the contents of Sherman's books. One such was in allowing this question: From an examination of these books, was there any indebtedness from Sheldon & Lawlover to Augustus Sherman from the 31st of May to the 1st and 2d of June, 1882? This was objected to for the reason, among others, that the books were the best evidence, but the objection was overruled and the defendant excepted. The witness then answered: " I think not."

Another question: You know from an examination that there was not? A. I don't think there was.

It may be answered that Sheldon was sworn subsequently, and testified that there was no such indebtedness. Sheldon was a party and was evidently willing that the plaintiff should recover. He was interested, and even if there were no direct evidence opposed to his, the trial judge was not bound to believe him. Yet the witness is allowed to testify

as to the contents of the books of Sherman, as to his examination of them and the results thereof, while the books themselves are not produced and the objection is distinctly taken, and it affirmatively appears that the books were in the possession of the witness. The ruling was we think clearly erroneous.

This case does not state that the whole evidence is contained therein. This is necessary when the appellant intends to review before the general term findings of fact based upon conflicting evidence, in relation to which no exception lies. In such a case we affirmed the propriety of the rule adopted in the supreme court which refused to review questions of fact based upon conflicting evidence unless the case contained the statement that all the evidence was returned. We affirmed the supreme court in such practice, both because we thought it right and because the question more immediately concerned that court. Porter *v.* Smith, 107 N. Y. 531; 12 N. Y. State Rep. 479. But an exception filed to a finding of fact can only mean that it is intended to bring up the question of law that there is not any evidence tending to sustain the finding. In that event it behooves the respondent to see to it that all the evidence which tends in any way to support such finding is contained in the case, and we can review the question of law raised by the exception without the statement that the case contains all the evidence. This is said in response to the claim of the counsel for respondent that as the case herein does not contain such statement, it will be presumed there was other and sufficient evidence given on the trial to support the finding of fact.

There are some other questions as to form of action and sufficiency of pleadings which may not arise upon another trial, and hence it is not necessary to here consider them.

For the reasons already given the judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.