BOOKSTAVER and BISCHOFF, JJ., concur.
Order reversed, and new trial granted.

---

MEISLAHN *v.* ENGLEHARD.

(New York Common Pleas — General Term, January, 1893.)

To review an error of fact, the case must purport to contain all the evidence.
To review an error of law, such certificate is unnecessary.

APPEAL from judgment of the General Term of the City Court, affirming judgment on a verdict, and from an order affirming order denying a new trial.

Action for broker's commission.

*Gibson Putzel*, for defendants (appellants).

*Malcolm Campbell*, for plaintiff (respondent).

PRYOR, J. Counsel for the respondent objects to a consideration of the alleged error of the court below in denying a motion to dismiss the complaint for defect of proof, on the ground that the case does not purport to contain all the evidence. As the rule of practice upon the point appears to be in doubt among the profession, it may not be amiss so to restate it as to avert the possibility of misapprehension.

Under the former Code, an exception to a finding of fact was notice to the respondent that his adversary intended to assail the finding as erroneous; and if any proof necessary to sustain it was omitted from the case, it became the duty of the respondent to supply it. Hence, on appeal, the presumption was that the case contained all the evidence bearing on the question sought to be presented. But, since under the Code of Civil Procedure, an exception to a finding of fact by the court or a referee is not allowable, the respondent gets no warning of an intention to review questions of fact, unless the case certifies that it contains all the evidence. Otherwise, however, as to questions of law. They are the subject of exception; and such exception itself imports notice to the respondent that the error of law will be challenged on appeal. Hence, all the evidence bearing on the alleged error will be assumed to be incorporated in the case. *Porter* v. *Smith*, 107 N. Y. 531; *Aldridge* v. *Aldridge*, 120 id. 614. Now, a finding of fact without evidence to support it, is error of law; and so, on appeal, the presumption is that the case contains all the evidence affecting such error, and it may be reviewed without a certificate as to the completeness of the evidence. *Halpin* v. *Phenix Ins. Co.*, 118 N. Y. 165; *Van Bokkelen* v. *Berdell*, 130 id. 141; *Spence* v. *Chambers*, 39 Hun, 193.

The cases cited were trials by the court or a referee; but the reason of the rule is equally applicable to a trial by jury, and, accordingly, the rule is prevalent in such trial. *Cheney* v. *New York Central, etc., R. Co.*, 16 Hun, 415; *Cornish* v. *Graff*, 36 id. 160; *Arnstein* v. *Haulenbeek*, 16 Daly, 382.

It follows, therefore, that the exception in the case at bar to the denial of the motion to dismiss the complaint for defect of proof, presents the alleged error for review, notwithstanding the absence of a certificate that the record presents all the evidence.

It is unnecessary to review the evidence in detail. It is enough to say that although on a critical examination we find the proof of plaintiff's case by no means satisfactory, yet, as the evidence appears sufficient to support the verdict, we have

no alternative but to affirm the judgment. *Bickart* v. *Hoff-
man,* 19 N. Y. Supp. 472.

Judgment and order affirmed, with costs.

BOOKSTAVER, P. J., and BISCHOFF, J., concur.
Judgment and order affirmed.