Isaac Rosenstein, Appellant, v. William I. Fox, Respondent.

1. Appeal — Record not Affected by Opinions in the Case — Review of Exceptions, Taken at Jury Trial, in Absence of Certificate of Completeness of Evidence. The opinions of the courts below form no part of the record; and when there is nothing in the record before the Court of Appeals, upon an appeal from a judgment of affirmance in an action tried by a jury, to show that the General Term did not pass upon exceptions taken by the appellant to rulings of the trial judge, the questions of the correctness of the rulings excepted to are before the Court of Appeals for determination, although it appears by the opinion of the General Term that, because of the absence of a certificate showing that the case contained all the evidence, or all the evidence upon the questions sought to be reviewed, it declined to examine such exceptions.

2. CODE CIV. PROC. § 992 — EXCEPTIONS — CERTIFICATE OF COMPLETE-
NESS OF EVIDENCE.   Section 992 of the Code of Civil Procedure, which
forbids exceptions to rulings upon questions of fact in actions tried by the
court or a referee, and which consequently furnishes a reason for requir-
ing a certificate as to the completeness of the evidence in a case on appeal
in such actions, has no application to an action tried by a jury.

3. CERTIFICATE OF COMPLETENESS OF EVIDENCE, NOT REQUIRED IN
ACTION TRIED BY JURY.   A certificate that the case on appeal contains
all the evidence, or all the evidence upon the questions sought to be
reviewed, is not required in an action tried by a jury to entitle the appel-
lant to a review of exceptions to the rulings of the trial judge, or to his
charge, although based upon the absence or insufficiency of the evidence;
and in such an action it must be assumed that the respondent procured
to be inserted in the case all the testimony he regarded as essential to sus-
tain the rulings and charge of the court.

4. USURY, AS A DEFENSE — EVIDENCE.   Usury, as a defense to an
action upon a promissory note given for a loan of money, is not made out
by testimony of the defendant to the effect that upon several occasions
after the loan was made he paid the holder of the note more than was
due at that time for legal interest, without proof of any usurious agree-
ment between the parties by which the defendant was to pay more than
the legal interest for the money loaned.

*Rosenstein* v. *Fox,* 9 Misc. Rep. 449, reversed.

(Argued June 19, 1896; decided October 13, 1896.)

APPEAL from judgment of the General Term of the Court
of Common Pleas for the city and county of New York,
entered upon an order made at the June term, 1894, which
affirmed a judgment in favor of defendant entered upon a
verdict and also affirmed an order denying plaintiff's motion
for a new trial.

The action was brought to recover three thousand dollars
with interest from May 27, 1884, on a promissory note made
by the defendant, of which the plaintiff claimed to be the
owner and holder.

The answer consists of a general denial and affirmative
allegations that the note in suit was made for the accommoda-
tion of one Nathan Bernstine, and was given in renewal of a
previous usurious note dated October 27, 1883; that the latter
note was made and indorsed by the defendant, and delivered
to said Bernstine for a loan of three thousand dollars made
upon an usurious agreement between the defendant and Bern-

stine that the former should pay the latter, and that he should reserve and secure to himself for the loan of the money for which that note was given a greater sum than at the rate of six per cent per annum, to wit: Seventeen and $\frac{3}{20}$ per cent, which was received by Bernstine prior to the twenty-seventh of May, 1884; that the plaintiff was not the real party in interest and not a *bona fide* holder of the note, and that the defendant had paid Bernstine the amount of said note.

*Edward W. S. Johnston* for appellant. Exceptions taken to the denial of a motion for a direction of a verdict on the ground of insufficiency of proof of any defense and those taken to the charge of the court to the jury, and to the exclusion of evidence, present questions of law and not of fact, and as such are reviewable by the appellate court, in the absence of a certificate that the case contains all the evidence. (*Hallen* v. *Jones*, 2 Misc. Rep. 249; *Remsen* v. *Wheeler*, 31 N. Y. S. R. 387; *Halpin* v. *P. Ins. Co.*, 118 N. Y. 165; *Brown* v. *James*, 2 App. Div. 105.) The court erred in denying the motion of the plaintiff for a direction of a verdict for the full amount claimed, and the exception taken thereto presents reversible error. (*Wiffen* v. *Roberts*, 1 Esp. 261; *Allaire* v. *Hartshorne*, 21 N. J. L. 665; *Bank* v. *Chapin*, 49 Mass. 40; *Bank* v. *Roberts*, 45 Wis. 373; *P. T. & S. Co.* v. *Schirmer*, 45 N. Y. S. R. 20; *Berenbroick* v. *Stephens*, 8 Daly, 249; *A. Bank* v. *Strever*, 18 N. Y. 506; *Day* v. *Saunders*, 1 Abb. Ct. App. Dec. 495; *Levey* v. *Allien*, 72 Hun, 321; *Emmons* v. *Barnes*, 4 Daly, 418.) The court erred in charging the jury that the plaintiff is not affected with usury in the original transaction, provided he got the note on a legal consideration. (*Levey* v. *Allien*, 72 Hun, 321; *Sheldon* v. *Haxtun*, 91 N. Y. 124; *Benson* v. *Martin*, 10 N. Y. S. R. 847; *Blair* v. *Wait*, 69 N. Y. 113; *Mason* v. *Anthony*, 3 Abb. Ct. App. Dec. 207; *Smedberg* v. *Whittlesey*, 3 Sandf. Ch. 321; *Miller* v. *Zeimer*, 111 N. Y. 441.) It was error for the court to charge the jury that it was for them to determine whether the defendant had made out the defense of usury, and that it was for them to

determine whether plaintiff was or was not a holder for value
without notice. (*Brown* v. *Martin*, 10 N. Y. S. R. 846;
*Mason* v. *Anthony*, 3 Abb. Ct. App. Dec. 207; *Ahern* v.
*Goodspeed*, 72 N. Y. 108; *Smyth* v. *Munroe*, 84 N. Y. 354;
*Fleischmann* v. *Stern*, 90 N. Y. 110; *C. Nat. Bank* v. *Nat.
Bank C.*, 50 N. Y. 575; *Blair* v. *Wait*, 69 N. Y. 113;
*Smedberg* v. *Whittlesey*, 3 Sandf. Ch. 321; *Gilbertson* v. *F.
S. S. R. R. Co.*, 14 Misc. Rep. 527.)

*Michael A. Quinlan* for respondent. There is no state-
ment in the case showing that it contains all the evidence; 
the case does not in fact contain all the evidence, and the 
appellant is, therefore, precluded from assailing the verdict 
as being against the weight of evidence. (*Porter* v. *Smith*, 
107 N. Y. 531; *Aldridge* v. *Aldridge*, 120 N. Y. 614; *Uping-
ton* v. *Pooler*, 47 N. Y. S. R. 30–34; *Claflin* v. *Flack*, 36 
N. Y. S. R. 728; *Howe* v. *Woolsey*, 7 Misc. Rep. 33.) As 
the order of affirmance imported that every question in the 
case both of law and fact had been disposed of, the appellant 
cannot claim that he has been deprived of a review by the 
General Term. (*Cohn* v. *Baldwin*, 141 N. Y. 563; *Dibble* 
v. *Dimick*, 143 N. Y. 549; *Koehler* v. *Hughes*, 148 N. Y. 
507; *People ex rel.* v. *Jeroloman*, 139 N. Y. 14.) Plaintiff 
was neither a *bona fide* holder nor the real party in interest. 
(Edwards on Bills & Notes, §§ 490, 976, 977; *Kent* v. 
*Walton*, 7 Wend. 256; *Smedberg* v. *Simpson*, 2 Sandf. 85; 
*Gildersleeve* v. *Landon*, 73 N. Y. 609; *Hodge* v. *City of 
Buffalo*, 1 Abb. [N. C.] 356; *Elwood* v. *W. U. T. Co.*, 45 
N. Y. 549; *Hoos* v. *Hempstead*, 84 Hun, 170; *Joy* v. *Diefen-
dorf*, 130 N. Y. 6; *Hays* v. *Hathorn*, 74 N. Y. 486; Code 
Civ. Proc. § 449.) The evidence bearing upon the payment 
of the note in suit was sufficient to justify the submission of 
the case to the jury. (*Porter* v. *Smith*, 107 N. Y. 531; *Ming* 
v. *Corbin*, 142 N. Y. 334; *Curtis* v. *S. H. M. Co.*, 7 Misc. 
Rep. 316.) It was proved that interest largely in excess of 
the legal rate was paid to Nathan Bernstine by the defendant 
upon the old protested note, which note came into the posses-

sion of the plaintiff after its maturity and with a notice of protest attached. (*Quin* v. *Lloyd*, 41 N. Y. 349; *People* v. *Crounse*, 21 N. Y. S. R. 687.) The plaintiff having proceded with the trial upon the theory that the defendant had made out his defense cannot now be heard to complain that the case should not have gone to the jury, and the motion for a verdict by direction was properly denied. (*Dauscha* v. *Brower*, 72 Hun, 221–224; *Asher* v. *Deyoe*, 77 Hun, 531; *Smith* v. *Cross*, 85 Hun, 58; *Curtis* v. *S. H. M. Co.*, 7 Misc. Rep. 316; *Carroll* v. *O'Shea*, 2 Misc. Rep. 437; *Painton* v. *No. C. R. Co.*, 83 N. Y. 7; *Dean* v. *Raplee*, 145 N. Y. 319; Abb. Tr. Brief, 123; *Linkhauf* v. *Lombard*, 137 N. Y. 426.) No error was committed by the learned trial judge in submitting the question of usury to the jury. (*Warner* v. *P. P. Co.*, 29 N. Y. S. R. 310; *Sadlier* v. *Riggs*, 30 N. Y. S. R. 429; *Mallory* v. *Tioga R. R. Co.*, 3 Abb. Ct. App. Dec. 139.)

MARTIN, J. The first question presented upon this appeal is one relating to practice. There is no certificate in the case showing that it contains all the evidence, or all the evidence bearing upon the questions sought to be reviewed. It appears by the opinion of the General Term, but not otherwise, that because of the absence of such a certificate that court declined to examine the plaintiff's exceptions to the refusal of the trial judge to direct a verdict for the plaintiff, and to the charge submitting to the jury the question of usury.

The effect of a statement in the opinion, where neither the judgment of the General Term nor the order upon which it was based, referred to the opinion so as to make it a part of the judgment or order, was before this court in *Koehler* v. *Hughes* (148 N. Y. 507, 510). There Judge VANN, who delivered the opinion of the court, said: "These opinions form no part of the record, and the statements appearing therein, as to what the respective courts did or did not pass upon, cannot be considered, unless the judgment appealed from so refers to the opinion as to make it a part of the record. * * * Our

power to review, according to the practice that has prevailed for many years, is limited to such questions as appear in the record." As in the case at bar, there is nothing in the record to show that the General Term did not pass upon the exceptions of the appellant, it must be presumed to have done so, and the questions of the correctness of such rulings are presented for our determination.

Moreover, as this case was not tried before a court or referee, section 992 of the Code of Civil Procedure has no application, and has not changed the practice as it existed prior to its adoption in cases where there was a jury trial. The question of the necessity for such a certificate after the adoption of the Code of Civil Procedure, first arose in this court in the case of *Porter* v. *Smith* (107 N. Y. 531, 533). In discussing the question in that case, it was said : " The theory upon which a case is prepared and settled has long been understood to be that the appellant should insert in it all the evidence bearing upon the questions intended to be raised, and the respondent add by amendment whatever he deemed necessary to a solution of those questions. An exception appearing in the proposed case serves as a notice to the respondent of an intention to raise the question of error in the ruling excepted to, and puts upon him the responsibility of adding by amendment any needed proof. Thus on a motion for a nonsuit upon the ground that the evidence does not show a cause of action, an exception to the ruling warns the respondent that he must add any omitted fact essential in his judgment to sustain the ruling. And where, under the old Code, which permitted exceptions to findings of fact, such an exception was taken, it was notice of an intention to assail such finding as erroneous, and if any proof necessary to sustain it was omitted from the proposed case it became the duty of the respondent to supply it. We, therefore, held that the General Term, on appeal, should assume that the case contained all the evidence bearing upon the questions sought to be raised. (*Perkins* v. *Hill*, 56 N. Y. 87.) But the situation is radically changed by the provision of the new Code, forbidding exceptions to findings of

fact. Under that practice the respondent gets no warning or notice of an intention to review questions of fact, unless the case certifies that all the evidence has been included. If it so certifies the respondent must look to it that nothing which he deems essential is omitted." The doctrine of that case is in harmony with our conclusion upon this subject. There the question arose in a case where the trial was before a referee, and, therefore, within the provisions of section 992. The decision in that case was based solely upon the provisions of that section, which has no application to a case tried by a jury. The reason given for the rule was that as to cases tried before the court or a referee, by virtue of section 992, no exceptions to findings of fact could be taken, and, hence, the respondent would have no warning or notice of an intention to review them. No such reason exists where the trial is before a jury and a ruling is made and an exception taken. In such a case, the respondent is given express notice of an intention to review the questions to which the exceptions are directed, and as was said in the *Porter* case, the exception " warns the respondent that he must add any omitted fact essential in his judgment to sustain the ruling." This has long been understood to be the practice, and it is manifest from the opinion in the *Porter* case that the court had no intention to change the rule, except so far as it became necessary by reason of the adoption of the provision of the Code referred to. The contention of the respondent, that the language used in the opinion in that case, to the effect that the situation is radically changed by the provisions of the new Code forbidding exceptions to findings of fact, was intended to relate to all trials whether by jury or before the court or a referee, cannot be sustained. A reading of the opinion renders it obvious that that statement relates only to cases tried before a court or referee, and that the former practice in cases tried before a jury was not intended to be changed or interfered with. It was held in *Halpin* v. *Phenix Ins. Co.* (118 N. Y. 165) that even in a case tried by a court or referee, where there was a finding of

fact which was without evidence to support it, it was a ruling of law which, if excepted to, presented a legal question to be reviewed in the Court of Appeals, and that under such circumstances it was unnecessary that the case should show that it contained all the evidence, because the exceptions served as a notice to the respondent of an intent to raise the question of legal error, and, therefore, put upon him the responsibility of adding by amendment any evidence omitted bearing upon the question.

In *Brayton* v. *Sherman* (119 N. Y. 623) it was held that where an appellant intends to review the findings of fact based upon conflicting evidence, in relation to which no exception lies, it must appear by the case that the whole evidence is contained therein, but where an exception is filed to a finding of fact, as its only purpose is to bring up a question of law that there is no evidence tending to sustain the finding, it is for the respondent to see that all the evidence, which tends in any way to support it, is contained in the case, and the question of law may be reviewed without the statement in the case that it contains all the evidence.

In *Van Bokkelen* v. *Berdell* (130 N. Y. 141) it is held that a ruling upon a question of law duly excepted to, serves as a notice to the respondent of an intention to raise a question of legal error, and puts upon him the responsibility of adding by amendment any omitted evidence on the question.

We are aware of no rule that required the appellant to obtain such a certificate to entitle him to review his exceptions to the rulings of the trial judge, or to his charge, although based upon the absence or insufficiency of the evidence. We think the appellant's exceptions are properly before us, notwithstanding the absence of a certificate that the case contained all the evidence, and that it must be assumed that the respondent has procured to be inserted in the case all the testimony he regarded as essential to sustain the rulings and charge of the court. So far as we have found any authorities upon the subject they are to that effect. (*Murphy* v. *Hays*, 68 Hun, 450, 455; *Davey* v. *Lohrmann*, 1 Misc. R. 317;

*Robbins* v. *Downey,* 45 N. Y. St. Repr. 279; *Winter* v. *Cross-town Street R. Co.,* 8 Misc. R. 362; *Brown* v. *James,* 2 App. Div. 105.)

This leads to the consideration of the appellant's exceptions to the charge of the court in submitting to the jury the question whether the note originally given for three thousand dollars loaned by Bernstine to the defendant was usurious and consequently void, and to the refusal of the court to direct a verdict for the plaintiff, on the ground that there was no proof that the debt which the note in suit was given to renew was usurious. On the trial, at the close of the evidence, the plaintiff's counsel moved for the direction of a verdict for the plaintiff for the amount of the note and interest upon the ground, among others, that there was no proof that the debt which the note in suit was given to renew was usurious, as there was no evidence whatever that the original note given for the three thousand dollars loaned was delivered in pursuance of an agreement that usurious interest should be paid thereon. This motion was denied and the plaintiff duly excepted. In submitting the case to the jury the learned trial judge charged as follows: "Now, looking at the circumstances that are before you, it is for you to say whether Mr. Fox has made out the defense of usury. It is for you to say. Has he satisfied you that his defense of usury is established? Now, if you believe that there was usury in the original concoction of this series of notes, or of the original loan, and that Mr. Rosenstein took this note without value, or even for value, with knowledge of its infirmity by reason of usury, why, then, your verdict must be for Mr. Fox, the defendant. If you find the contrary upon this issue of usury, your verdict upon that must be for the plaintiff." To this portion of the charge the plaintiff excepted.

The only evidence found in the record bearing upon the question of usury was the testimony of the defendant, which was as follows: "Had you, prior to May 27, 1884, paid Mr. Bernstine any interest? * * * A. Yes, sir; in connection with this first note of $3,000. Q. What did you pay him and

when?   *   *   *   A. On November 19, 1883, $126; on
March 15, 1884, $60; on February 7, 1884, $15; on April 1,
1884, $33; on May 22, 1884, $57. These are all given.
They were paid by these checks, and those checks were
delivered to Mr. Nathan Bernstine. Q. At what rate per cent
per annum   *   *   *   were (did) the amounts total paid by
you to Mr. Bernstine bear to the principal of $3,000? A. Very
nearly 18 per cent." We think this evidence was insufficient
to justify the court in submitting to the jury the question
whether the original contract between the parties was usurious,
so that the note in suit given to secure the same debt might be
found to be void for that reason.

"Usury consists in the corrupt agreement of the parties by
which more than lawful interest is to be paid." (*Merrills* v.
*Law*, 9 Cow. 65, 66.) To constitute usury, there must be an
usurious or corrupt intent. (*Nourse* v. *Prime*, 7 Johns. Ch.
77.) "It is the essence of an usurious transaction, that there
shall be an unlawful and corrupt intent, on the part of the
lender, to take illegal interest, and so we must find before we
can pronounce the transaction to be usurious." (*Condit* v.
*Baldwin*, 21 N. Y. 219, 221.) When, at the time of an
agreement for a loan, nothing is said as to the rate of interest,
the law implies it to be that limited by statute. To increase
or alter it, a special agreement is necessary, and where the
defense of usury is interposed, the burden of showing that
such an agreement was made is upon the defendant.
(*Guggenheimer* v. *Geiszler*, 81 N. Y. 293.) "To con-
stitute usury it must be shown that the additional interest
is paid or retained in pursuance of a mutual agreement
between the parties." (*Morton* v. *Thurber*, 85 N. Y.
550, 556.) *In the Matter of the Accounting of Consalus*
(95 N. Y. 340, 344), where a loan of six thousand dollars was
made, and afterwards it was increased to eight thousand dol-
lars, when a note was taken upon the agreement that the
maker should pay ten per cent interest, and several payments
at that rate were indorsed upon the note, but there was no
proof that the original loan was made upon any usurious

agreement, it was said : " There is, however, no proof and no necessary inference that there was any agreement for that rate of interest when the money was first loaned to the firm. The payment of that rate of interest may have been by an arrangement afterward made, and it may have been voluntarily paid. * * * A defense of this kind under the circumstances here existing should have been made out by very clear and satisfactory evidence." " The defense of usury involving crime and forfeiture cannot be established by mere surmise and conjecture or by inferences entirely uncertain." (*Stillman* v. *Northrup*, 109 N. Y. 473, 478.) In *Baldwin* v. *Doying* (114 N. Y. 452, 457) it is said : " The statute against usury is, like other statutes, to be obeyed, but the rule is well settled that whoever desires its aid through the interference of a court must make out his title to relief by allegations and proof. ' (*Long Island Bk.* v. *Boynton*, 105 N. Y. 656.) The burden of proof was upon the defendants to show the usurious exaction. by the party discounting the note. (*Condit* v. *Baldwin*, 21 N. Y. 219 ; *Estevez* v. *Purdy*, 66 id. 447 ; *Van Wyck* v. *Watters*, 81 id. 352.) That result was not accomplished by proof of payment of a sum of money exceeding the legal rate of interest to a party undertaking for a consideration to procure the note to be discounted." In *White* v. *Benjamin* (138 N. Y. 623) it was held that where usury is pleaded as a defense the presumption is against such a violation of the law, and it must be established by clear and satisfactory evidence by the party pleading it; that all the facts constituting usury must be proved with reasonable certainty, and that the mere fact that the debtor at various times paid upon the obligation more than the legal rate of interest was not sufficient, but it must appear that such payments were made in pursuance of an usurious agreement.

The doctrine of the authorities cited seems to be decisive of this question. In this case there is no evidence whatever of any usurious agreement between the parties at the time the loan was made. Nor is there any proof that there was any subsequent agreement by which the defendant was to pay

more than the legal interest for the money thus loaned. The only testimony bearing upon the question is the evidence of the defendant, that upon several occasions after the loan was made he paid the holder of the note more than was due at that time for legal interest. Under the doctrine of the cases cited, this evidence was clearly insufficient to authorize the court to submit to the jury the question of usury, and hence, the appellant's exception to the portion of the charge submitting it was well taken.

This conclusion renders it unnecessary to examine the other questions presented upon this appeal.

The judgment and order should be reversed, and a new trial granted, with costs to abide the event.

All concur.

Judgment accordingly.