## SECOND DEPARTMENT, NOVEMBER TERM, 1897.

Clara Hunt, Respondent, v. John Wesley Webber and Charles G. Webber, as Executors, etc., of Cornelia McDonald Lewis, Deceased, Appellants.— Judgment and order affirmed, with costs.— Appeal from a judgment entered upon the verdict of a jury, and from an order denying defendant's motion for a new trial. –

PER CURIAM: The recovery in this case is very large, and we are impressed, after a careful reading of the testimony returned, that the services claimed to have been rendered are exaggerated in character and in value. There is no proof of the expenditure of the sum of $420 by the plaintiff for the benefit of the deceased, disclosed in the record. The amount of such expenditure in the complaint is made by the plaintiff upon information and belief. If she expended this sum it would seem to be within her personal knowledge, and, therefore, admitted of a positive allegation. However this may be, the averment is not denied in the answer, and such expenditure is not now controverted. It is not claimed that the case presents any valid exception which requires a reversal of the judgment, and it is difficult to see from the proof how the court can legally interfere either by the granting of a new trial, or reducing the amount of the recovery. If, however, we could find ground for such action, the appellants have rendered such course impossible, by failing to have inserted a statement that the case contains all the evidence. We must, therefore, conclude that evidence was given sufficient to support the judgment which has been rendered. The judgment should be affirmed, with costs. All concurred.

J. Caldwell Johnston, Respondent, v. Roderick Ross and Isabella Ross, Appellants.— Judgment and order against the defendant Isabella Ross reversed and new trial granted, costs to abide the event; judgment and order against the defendant Roderick Ross reversed and new trial granted, costs to abide the event, unless the plaintiff within twenty days stipulates to reduce the recovery of damages to $125, in which case the judgment as modified and order are affirmed, without costs to either party.— Appeal from judgment in favor of plaintiff, and from order denying motion for new trial.—

GOODRICH, P. J. : It is somewhat difficult to ascertain from the complaint what the nature of the action is. The plaintiff alleges that in January, 1893, he purchased a "grocery store, stock and all the fixtures therein," from Mrs. McCourt for $250, paying $150 in cash, and leaving a balance of $100 due her, and that he went into possession thereof; that in October he removed from the premises, took out his groceries and attempted to take out the fixtures, but was prevented by the defendants, who claimed to be the owners thereof ; that Mrs. McCourt's assignee sued him for the balance of the price and recovered a judgment for $232; that he was subjected to legal expenses in the defense of such action, and was compelled to purchase new fixtures for another store, to his damage, $500. The action, however, was tried apparently as an action for conversion of the fixtures. The jury rendered a verdict for $250, and from the judgment entered thereon the defendants appeal. The plaintiff testified that the value of the fixtures was $125, while the defendants produced evidence to show that it was about $75. There was no

evidence as to the recovery of a judgment by Mrs. McCourt against the plaintiff, nor of any expenses connected therewith. If the action is for conversion of the fixtures alone, and such it seems to be, as the trial was upon that theory, there was no evidence to support a verdict for $250, and it is in any view excessive. The defendants contend that there was no demand made upon them for the property after the plaintiff moved out of the store. This was unnecessary, as the plaintiff was prevented from removing the goods by one or both of the defendants. There was evidence tending to show that Mr. Ross had sold the fixtures to Mrs McCourt some time previously, and that he claimed to be the owner of them, and forbade their removal. There is also evidence that Mrs. Ross forbade the removal, but there is not sufficient evidence to warrant a verdict against her, as it was her husband who claimed the ownership, and it may be assumed that she was acting in his interest in forbidding the removal of the property. The judgment against Mrs. Ross must be reversed and a new trial granted. The judgment against Mr. Ross must be reversed and a new trial granted, unless the plaintiff stipulates to reduce the recovery of damages to $125, in which case the judgment is affirmed, without costs of this appeal to either party. All concurred.