(41 App. Div. 6.)
## HEWETT v. TOWN OF THURMAN.

(Supreme Court, Appellate Division, Third Department.   May 3, 1899.)

HIGHWAYS—NEGLIGENCE—QUESTIONS FOR JURY.

Plaintiff was driving on a dark night along a principal highway of a town, which passed along the edge of an embankment. He could not see the road, and, his horse going too near the bank, the wagon was tilted, throwing plaintiff down the declivity, resulting in his injury. There were no barriers, but plaintiff was familiar with the locality. *Held*, that whether there was negligence in the highway commissioner in failing to erect a barrier, and in plaintiff, were questions for the jury.

Parker, P. J., and Herrick, J., dissenting.

Appeal from trial term, Warren county.

Action by George H. Hewett against the town of Thurman. There was a judgment for defendant, and plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

J. M. Whitman, for appellant.
Potter & Kellogg, for respondent.

MERWIN, J. This action was brought to recover damages for personal injuries sustained by the plaintiff, as he claims, by reason of a defect in a highway of the defendant, existing because of the neglect of the commissioner of highways of the town. The case was brought to trial before the court and a jury, and at the close of the evidence the court granted the motion of the defendant for a nonsuit, and to dismiss the complaint. The plaintiff excepted.

There is no certificate that the case contains all the evidence, but we must assume that the respondent has procured to be inserted in the case all the testimony deemed to be essential to sustain the ruling. Rosenstein v. Fox, 150 N. Y. 354, 361, 44 N. E. 1027. The question, then, is, was the case, as presented, one for the jury to determine?

At about 10 o'clock in the night of June 11, 1897, the plaintiff was driving in a one-horse wagon along one of the principal highways of the town, at a place where the road, for about 66 feet, passed along near the edge of a steep bank. There was no barrier. It was about 30 feet to the bottom of the bank. The width of the roadbed from the inside of the road to the brink of the bank was about 17 feet, and from the outside track to the brink was from 2 feet to 3 feet 5 inches. The plaintiff was driving westerly. The grade was ascending, and the declivity was at his right. The plaintiff was familiar with the locality. He testifies: That when he reached this place the night was very dark,—so much so that he could not see the road; "could not see where the road ended and went over the bank." That he was driving on a walk, and held the lines in his hands; "holding a good, steady line on the horse, because I could not see, and depended on the horse." That suddenly the right wheel dropped down, and he was thrown out of the wagon and down the embankment, receiving injuries for which he seeks here to recover damages. There is evidence tending to show that the wheel went down into a hole 8 to 12 inches deep just at the brink of the embankment. Neither the

horse nor the wagon went down the bank. There had been a barrier at this place some years before, but it had rotted down. There was a curve in the road at this place, and there is evidence that, if the horse went straight ahead, he would go off the bank. Whether or not the commissioner of highways was negligent in failing to erect at this place a proper barrier was a question of fact. Wood v. Town of Gilboa, 76 Hun, 175, 27 N. Y. Supp. 586, affirmed 146 N. Y. 383, 42 N. E. 544; Maxim v. Town of Champion, 50 Hun 88, 4 N. Y. Supp. 515, affirmed 119 N. Y. 626, 23 N. E. 1144; Bryant v. Town of Randolph, 133 N. Y. 70, 30 N. E. 657. The evidence was, we think, sufficient to require the submission of the question to the jury. It was also for the jury to say whether the accident was attributable to the lack of a barrier. Ivory v. Town of Deerpark, 116 N. Y. 476, 486, 22 N. E. 1080.

The question of contributory negligence is a closer one. Its solution depended largely upon the credit to be given to the testimony of the plaintiff. He was called upon to exercise reasonable care under the circumstances. The cases of O'Dwyer v. O'Brien, 13 App. Div. 570, 43 N. Y. Supp. 815, and Caven v. City of Troy, 32 App. Div. 154, 52 N. Y. Supp. 804, cited by the respondent, are quite materially different from this case. The case of Titus v. Town of New Scotland, 11 App. Div. 266, 42 N. Y. Supp. 152, is nearer in point, and supports somewhat the position of the plaintiff. We think the question of contributory negligence was for the jury.

It is suggested that there was a material variance between the statement of the cause of action presented to the supervisor as required by the highway law and the cause of action relied on at the trial. We think not.

Judgment reversed, and new trial granted; costs to abide the event. All concur, except PARKER, P. J., and HERRICK, J., dissenting.