(31 Misc. Rep. 391.)

## GIBSON v. METROPOLITAN ST. R. CO.

(Supreme Court, Trial Term, Kings County.   May, 1900.)

1. APPEAL AND ERROR—CASE ON APPEAL—INSERTION OF EVIDENCE.

   An appeal from an order denying a motion for a new trial on the minutes raises the questions whether the verdict is excessive or contrary to the evidence, and hence, where plaintiff recovered for injuries, he is entitled to have all the evidence showing the extent of the injury, and the time he was disabled thereby, inserted in the case on appeal.

2. SAME—CERTIFICATE AS TO EVIDENCE—REVIEW OF FACTS.

   A certificate that a case on appeal contains all the evidence, only has place and effect where it serves as the only notice that review of the facts is sought, and is therefore unnecessary on an appeal from a judgment on a verdict of the jury and from an order denying a new trial, since such an appeal raises the question of the sufficiency of the evidence to sustain the verdict, and notice of the appeal is notice that the facts will be reviewed.

Settlement of case and exceptions on appeal.

Action by John Gibson against the Metropolitan Street-Railroad Company to recover for personal injuries. The judgment is for the plaintiff for personal injuries caused by the negligence of the defendant, entered upon a verdict. The appeal is from the judgment, and also from an order denying a motion on all the grounds for a new trial on the judge's minutes. Amendment to proposed case on appeal allowed.

B. Frank Wood, for plaintiff.

Henry A. Robinson, for defendant.

GAYNOR, J.   In the proposed case the evidence of the two physicians showing the extent of the injury to the plaintiff and the time he was disabled from it is omitted, and the plaintiff proposes an amendment that it be inserted. The appeal from the order denying the motion on the minutes for a new trial raises the question whether the verdict is excessive, or contrary to the evidence, and it is therefore for the plaintiff to see that all the evidence on those heads be in the case. He would not be protected by my striking from the case the statement at the end of it that it contains all of the evidence, for the questions raised by an appeal from such an order are up without the case containing such a certificate. Such a certificate has no place in a case on appeal where there was a jury trial. It only has place and effect where the trial was before a judge or a referee, as it there serves in the proposed case as the only notice the respondent has that a review on the facts is to be sought by the appellant, as was decided in Porter v. Smith, 107 N. Y. 531, 14 N. E. 446. That decision has no reference or application to appeals in cases tried before a jury. In such cases the notice of appeal from the order denying the motion on the minutes for a new trial serves as such notice that the case is to be reviewed on the facts. That is what the appeal from such an order means. The few decisions that such a certificate was necessary in order to review the facts on appeal from such an order were deemed inadvertent all along by the bar, and must now be deemed to be over-

ruled. Rosenstein v. Fox, 150 N. Y. 354, 44 N. E. 1027; Hewett v. Town of Thurman, 41 App. Div. 6, 58 N. Y. Supp. 83. Decisions to the same effect made since the decision in the Rosenstein Case, like that in Hunt v. Webber, 22 App. Div. 631, 48 N. Y. Supp. 24, must certainly have been inadvertent. The decision as reported in Martin v. Baust, 23 App. Div. 234, 48 N. Y. Supp. 989, is a sample of blind reporting. The reporter does not reveal whether the appeal was from a trial by a jury, or by a judge or referee, which makes all the difference in the world. The notice of appeal from the order denying the motion for a new trial is notice to the respondent here that the appellant will claim on the appeal that the verdict is excessive and contrary to the evidence, and the respondent must protect himself by having the case contain all the evidence on those heads.

The amendment is allowed, unless the appellant puts in the case a statement that it does not contain all of the evidence on the nature, extent and effect of the injury.