### MULLER et al. v. BENDIT.

(Supreme Court, Appellate Term. November 10, 1904.)

1. APPEAL—RECORD.

　　The sufficiency of a judgment roll to justify dismissal under a plea of former recovery cannot be determined where it does not appear in the case on appeal.

2. SAME—AMENDMENT OF RECORD.

　　Where plaintiffs excepted to dismissal on the ground that a judgment roll showed a former recovery, it was defendant's duty to add the judgment roll to the case on appeal by proper amendment.

Appeal from City Court of New York.

Action by Julia Muller and another against Max Bendit. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Cornelius J. Earley, for appellants.
Charles G. F. Wahle, for respondent.

BISCHOFF, J. To the plaintiffs' cause of action upon the defendant's check to their order the defendant, among other things, pleaded a former recovery in an action in the same court, wherein one John J. Fox was plaintiff and the parties to this action were severally defendants. After receiving in evidence an alleged judgment roll of such former action, the trial court, deeming the defense established thereby, dismissed the complaint, to which ruling the plaintiffs' counsel duly excepted.

The judgment roll does not appear in the case on this appeal. Obviously, without the judgment roll of the former action the trial court's ruling for dismissal of the complaint in this is without support, and the judgment appealed from must be reversed. The exception to the ruling was notice to the defendant of the plaintiffs' claim of error, and it was thereupon incumbent upon him to add the judgment roll to the case on appeal by proper amendment. Halpin v. Phenix Ins. Co., 118 N. Y. 165, 23 N. E. 482; Rosenstein v. Fox, 150 N. Y. 354, 44 N. E. 1027.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event. All concur.