## HOCHBERGER v. BAUM et al.

(Supreme Court, Appellate Term. February 28, 1905.)

APPEAL—REVIEW OF EVIDENCE—CERTIFICATE.

Where the case on appeal disclosed the denial of a motion to set aside the verdict and for a new trial, and an exception taken to such denial, appellants were entitled to review the evidence, though there was no certificate attached to the case that it contained all the evidence.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 2916, 2917.]

Appeal from City Court of New York, Trial Term.

Replevin by Isidore Hochberger against Joseph Baum and others. From a City Court judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Benjamin Reass, for appellant Joseph Baum.

Dudley R. Horton, for appellants Jacob and Herman Baum.

Steuer & Hoffman (Max D. Steuer, of counsel), for respondent.

PER CURIAM. The respondent's counsel is mistaken in thinking that the facts are not before this court for review because of the absence of a certificate that the case contains all the evidence. That rule, although it has often been erroneously applied to cases tried before a jury, as the reports show, properly has reference only to cases tried before the court without a jury. Rosenstein v. Fox, 150 N. Y. 354, 44 N. E. 1027. In the present case the denial of the

motion to set aside the verdict and for a new trial, and the exception to such denial, constituted a sufficient notice to the respondent of an intention to review the questions of fact, and imposed upon him the duty of adding to the record any omitted fact essential, in his judgment, to sustain the ruling. Rosenstein v. Fox, supra. In the present instance we are satisfied that the jury either failed to clearly comprehend the force of the receipt given by the plaintiff at the time of the transaction and the figures and computations based thereon or disregarded them. In either event, the verdict should have been set aside, and a new trial ordered. Streicher v. Third Ave. R. R. Co., 39 App. Div. 658, 57 N. Y. Supp. 716. The plaintiff's testimony, unsatisfactory at best, and especially so when its variations from what he gave on the former trial are considered, wholly failed to explain that receipt, or to break the force of such figures and computations, which demonstrate with mathematical conclusiveness that the sale was single and indivisible, as the defendant Joseph Baum claims, and not two separate transactions, as the plaintiff now attempts to testify. The same principles which led to a reversal the last time this case was here on appeal still obtain.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event.