FIERRO v. SCHNURMACHER.

(Supreme Court, Appellate Term.   June 26, 1905.)

CONVERSION—CHATTEL MORTGAGES—FORECLOSURE—QUESTION FOR JURY.

In an action for conversion of a horse and wagon sold by a marshal under a chattel mortgage which plaintiff, the owner of the horse, had never signed, evidence *held* to require submission to the jury of the question whether the marshal, in making the sale, was acting under the orders of defendant or another.

MacLean, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Luvigia Fierro against Markus Schnurmacher. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

Osborne & Hess, for appellant.

Palmieri & Wechsler, for respondent.

SCOTT, P. J.   The only question that could under any circumstances merit consideration upon this appeal is whether or not the verdict is against the weight of evidence, for clearly the learned justice was right in refusing to dismiss the complaint. The plaintiff's horse and wagon were sold under a chattel mortgage which she had never signed. Some one, therefore, was guilty of a conversion; and the only question in the case is whether the marshal who made the sale was acting under the instructions of the defendant or of his brother, one Lipp Schnurmacher. Concededly it was the defendant who sold the horse and wagon to plaintiff's husband, as security for the price of which the mortgage was given. Defendant now says that the horse he sold belonged to his brother, but he does not say that he mentioned that fact at the time of sale. The mortgage was made to Lipp Schnurmacher. He was not produced

as·a witness at the trial. The fact that he was named as mortgagee, and the other fact that the auctioneer paid him the money realized upon the marshal's sale, are not conclusive that it was he who instructed the marshal to make the sale. Two witnesses who were called know who instructed the marshal to make the sale. They are the defendant and the marshal. If Lipp Schnurmacher had directed the marshal to sell the property, it would have been easy for them to have said so. But neither of them did say so, and the defendant does not deny that he gave the instruction. The question at issue was clearly and fairly presented to the jury, and we should not, in my opinion, disturb the verdict.

Judgment affirmed, with costs.

DUGRO, J., concurs.

MacLEAN, J. (dissenting). The plaintiff brought action and recovered judgment, upon the verdict of a jury, against the defendant for the alleged conversion by him of a horse and wagon claimed to be the property of the plaintiff. At the trial, and after the parties herein had rested, the defendant moved to dismiss substantially for failure of proof of any act of conversion by him committed, and duly excepted to the denial thereof. Likewise he moved to set aside the verdict on the ground, among others, that it was against the evidence and the weight of the evidence, and excepted to its denial. Of the connection on part of the defendant with the alleged wrong, evidence there is none, beyond the statement by the husband of the plaintiff that "on or about the 14th day of May, 1904, Mr. Schnurmacher came with the sheriff, and he took everything with him. * * * Mr. Schnurmacher went to the stable with the marshal when this property was seized"—pointing at the time to the defendant himself. Against this ambiguous statement the evidence preponderates that the property was seized by the marshal and sold by another. Under the determination of the Court of Appeals in Rosenstein v. Fox, 150 N. Y. 354, 361, 44 N. E. 1027, "the appellant's exceptions are properly before us, notwithstanding the absence of a certificate that the cause contained all the evidence." Therefore the judgment must be reversed and a new trial ordered.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.