### JONES v. PAYTON.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

USURY (§ 64*)—SUBSEQUENT COLLATERAL AGREEMENTS.

Where there was no agreement to exact or pay usury at the time an original loan was made, the usurious payment being made, if at all, on the following day, without any prearrangement, the original loan was not invalidated, and the surplus in excess of the legal interest should be applied on the original indebtedness.

[Ed. Note.—For other cases, see Usury, Cent. Dig. § 137; Dec. Dig. § 64.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by William D. Jones against Philip A. Payton. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

David G. Godwin, of New York City, for appellant.
Maurice J. Katz, of New York City, for respondent.

BIJUR, J. This action was upon a promissory note; the defense being usury. Not only is there an absence of testimony indicating an agreement to exact or pay usury at the time the original loan was made, but the defendant, who was the indorser on the note, testifies that the maker told him that he had received the full amount represented by the face of the note at the time of the making of it. The first usurious payment was made, if at all, on the following day, apparently without any prearrangement. From the exhibit, however, namely, the check evidencing this payment, it seems to have been made, not on the following day, but after the first note had matured. Under these circumstances, the original loan must be held to have been free from taint. Real Estate Trust Co. v. Keech, 69 N. Y. 248, 25 Am. Rep. 181.

If it should develop on a new trial that payments in addition to the legal rate of interest were made by the borrower on account of this very transaction, and that they were not purely voluntary (see Rosenstein v. Fox, 150 N. Y. 354, 44 N. E. 1027), it may be that the surplus should be applied on account of the original indebtedness (see Real Estate Trust Co. v. Keech).

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes