ADAM H. SMITH, Administrator, etc., Respondent, *v.* EMILY H. HATHORN, et al., Appellants.

In an action to foreclose a mortgage given to· N., plaintiff's testator, to secure the payment of four promissory notes, dated November 2, 1874, for a loan of $6,000, "payable in three months from date, with interest," the defense was usury. It was proved on· the part of the defendants, without contradiction, that in February, 1875, when the notes fell due, N. demanded of the defendant's agent three months' interest at the rate of ten per cent *per annum*, and stated that it was "*due* upon the notes." This was paid in compliance with the demand, and N. gave a receipt therefor acknowledging the receipt of $150 for the three months' interest "*due* on the notes." Four successive quarterly payments were demanded and received thereafter at the same rate and receipted for as due upon the notes. In August, 1876, N. wrote to one of the defendants, stating that two quarterly payments of interest were due, and requested payment of $300 therefor. *Held,* that the demands and acquiescence therein amounted to an acknowledgment by both parties that the original securities were given under an agreement that they should bear interest at the rate of ten per cent ; and that a refusal to find that the loan was usurious.was error.

*Smith* v. *Hathorn* (25 Hun, 159) reversed.

(Argued February 3, 1882; decided February 28, 1882.)

APPEAL from judgment of the General term of the Supreme Court, in the third judicial department, entered upon an order made September 20, 1881, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 25 Hun, 159.)

This action was brought to foreclose a mortgage dated December 1, 1874, given by defendant Frank H. Hathorn to John Newland, plaintiff's testator, to secure four promissory notes for the aggregate sum of $6,000, executed by him and defendant, Henry H. Hathorn, dated November 2, 1874, each due three months from date "with interest." The defense was usury. The defendant's evidence upon this subject was uncontradicted. The trial court found these facts substantially in accordance with said evidence.

On or about the first day of February, 1875, John Newland, the plaintiff's intestate, in the absence of Henry H. Hathorn

and Frank H. Hathorn, demanded of Charles D. Thurber, their agent, one hundred and fifty dollars for three months' interest which he stated was due upon said notes. In pursuance of such demand, Thurber, on the 13th day of February, 1875, paid to Newland $150, as the interest due on the said notes up to February 1, 1875, and said Newland then prepared and delivered to said Thurber a receipt, as follows:

" Received, Saratoga Springs, February 13, 1875, from H. H. Hathorn, Esq., by Mr. C. D. Thurber, one hundred and fifty dollars in full for three months' interest due on the 1st inst., on the notes of H. H. and F. H. Hathorn, held by me. $150.                                  JOHN NEWLAND."

Said defendants subsequently and upon the demand of Newland paid him the several amounts following, each being paid and received for three months' interest: 1875, May 1, $150 ; 1875, Sept. 10, interest to Aug. 1, $150 ; 1875, Nov. 3, interest to Nov. 1, $150 ; 1876, Feb. 12, interest to Feb. 1, $150. Similar receipts were given.

Said court refused to find that at the time the notes were made there was any agreement to pay a usurious rate of interest, or that the notes were void for usury, but directed judgment for the plaintiff.

*Charles S. Lester* for appellant. The payment and receipt of usurious interest is *prima facie* evidence of a corrupt agreement. (*N. Y. F. Ins. Co.* v. *Ely*, 2 Cow. 678, 705; *Ferrall* v. *Shain*, 1 Saund. 292; *Hammond* v. *Hopping*, 13 Wend. 505; *Catlin* v. *Gunter*, 11 N. Y. 368; *Pratt* v. *Elkins*, 80 id. 198; *Austin* v. *Fuller*, 12 Barb. 360 ; *Mudgett* v. *Yale*, 18 Hun, 302; *Allen* v. *Patterson*, 3 Seld. 480.) Henry H. Hathorn was not a necessary party defendant to the foreclosure suit. (*McDonald* v. *Neilson*, 2 Cow. 139, 186; *Kirk* v. *Hodgson*, 2 Johns. 550; Code, § 829.) Not having any interest in the mortgaged premises and no personal claim being made against him in the complaint, he had no right to set up any defense, and could not adduce testimony or cross examine witnesses.

(*N. F. Ins. Co.* v. *McKay*, 21 N. Y. 191; *Agate* v. *King*, 17 Abb. Pr. 179; *Payn* v. *Lester*, 23 Hun, 134; 1 Green-leaf on Evidence, § 523; *Frost* v. *Koon*, 30 N. Y. 423.) The rule that estops parties from again litigating a fact once tried assumes that the party to be estopped has once had open to him the same means of defense. He cannot be estopped without an opportunity somewhere to defend. (1 Greenleaf on Evidence, § 524; *Maloney* v. *Horan*, 12 Abb. Pr. [N. S.] 289; *People* v. *Johnson*, 38 N. Y. 63; 60 id. 272; 10 Wend. 80; 25 N. Y. 613; 41 B. 520.) No personal judg-ment can be entered against Henry H. Hathorn in this action. (Code, § 1207; *Simonson* v. *Blake*, 12 Abb. Pr. 531.) If he had any interest whatever, it was an interest in favor of the plaintiff, to have the land sold in order to extinguish, as far as possible, his personal liability on the bond. (*Church* v. *Howard*, 79 N. Y. 415; *Cary* v. *White*, 59 id. 336.) The justice erred in allowing interest at the rate of seven per cent after January, 1880. (*Brewster* v. *Wakefield*, 22 How. [U. S.] 118; *U. S. B'k* v. *Chapin*, 9 Wend. 471; *Macomber* v. *Dunham*, 8 id. 550; *Sellick* v. *French*, 1 Conn. 32; *Dodge* v. *Perkins*, 9 Pick. 384; *Reid* v. *Penn. Glass Factory*, 3 Cow. 400; *Burn-hisel* v. *Firman*, 22 Wall. 170; *Church* v. *Howard*, 17 Hun, 12; *Irwin* v. *Neversink Stmb't Co.*, 23 id. 578; *Salter* v. *U. & B. R. R. Co.*, 13 Weekly Digest, 148.)

*A. Pond* for respondent. The mere evidence of payments made by a debtor to the creditor of interest exceeding the legal rate, at a time subsequent to the making of the original contract sued on, and after the principal is due, is not pre-sumptive evidence that an usurious and corrupt agreement was made by the parties coeval with the making of the original agreement, which would warrant a judgment sustaining the defense of usury. (*Curtis* v. *Gokey*, 68 N. Y. 300; *Orms* v. *Dauchy*, 82 id. 443; Tyler on Usury, 468; *City Savings B'k* v. *Bidwell*, 29 Barb. 325–332; *Marvin* v. *Feeter*, 8 Wend. 533; *Booth* v. *Sweezey*, 4 Seld. 276, 280; Best on Presumptions, 64, 65; *Hammond* v. *Smith*, 17 Vt. 231;

2 Burr. 1072; Chitty on Contracts, 541.) Where a pre-. sumption is one of fact merely, the court is not warranted in declaring it to the jury as a presumption of law. (Hill on New Trials, 284, § 42.) Henry H. Hathorn being the grantor of Mrs. Hathorn, was precluded by section 889 of the Code of Civil Procedure, from testifying to a personal transaction between himself and John Newland, deceased; in favor of his grantee and assignee, and against the plaintiff as the administrator of Newland. ( *Whitehead* v. *Smith,* 10 Week. Dig. 198; *Church* v. *Howard,* 79 N. Y. 415; *Hill* v. *Hotchkin,* 23 Hun, 414; *Mattoon* v. *Young,* 45 N. Y. 696; *Johnson* v. *Fink,* 52 Barb. 396; Aff'd, 51 N. Y. 333, 336; *Smith* v. *Truslow,* 12 Week. Dig. 46; 4 Wait's Actions and Defenses, 579; *Springer* v. *Dwyer,* 50 N. Y. 19, 22.) The conveyance from Shoudy to Mrs. Hathorn, being subject to all valid liens on the premises, was in fact and in law not a purchase of the premises generally, but a purchase of the equity of redemption only, hence Mrs. Hathorn must be deemed to have purchased the premises subject to the lien of the mortgage in suit, even if it be a usurious one. (*Shuefelt* v. *Shuefelt,* 9 Paige, 137; *Murray* v. *Judson,* 5 Seld. 73, 85; *Chamberlain* v. *Dempsey,* 36 N. Y. 144, 148; *People's Savings B'k* v. *Collins,* 27 Conn. 143; *Bensley* v. *Homier,* 42 Wis. 631; *Ready* v. *Huebner,* 46 id. 792.) The judge committed no error in allowing seven per cent interest on the mortgage debt instead of six per cent after the first day of January, 1880. (*Andrews* v. *Keeler,* 19 Hun, 87; *Erwin* v. *Neversink Steamboat Co.,* 23 id. 578, 580; *Brannon* v. *Heneell,* 112 Mass. 63; *Cromwell* v. *Co. of Sac,* 6 Otto, 61; *Rouse* v. *N. Y. Ins. Co.,* 12 Week. Dig. 85; *Union Ins. For Savings* v. *Boston,* 129 Mass. 82; *Salter* v. *U. & B. R. R. Co.,* 13 Week. Dig. 148.)

RAPALLO, J. We cannot escape the conclusion that the uncontroverted evidence in this case so clearly established that the notes dated Nov. 2, 1874, were originally given to secure an usurious loan, that it was error to refuse to find that fact. If the only evidence of an usurious agreement had been the fact

that interest at the rate of ten per cent per annum was paid upon these notes after they had become due, it might with some reason be claimed that such payments were not conclusive evidence that they were made in pursuance of the original agreement under which the notes were given. But the fact of the payments was not the only evidence of the agreement. The controlling feature of this case, and the one which distinguishes it from others which have been cited is, that the four notes for $6,000 being payable in three months, with interest, specifying no rate, the plaintiff's intestate, in February, 1875, when they became due, and in the absence of the makers, demanded of their agent three months' interest at the rate of ten per cent per annum, and stated that it was *due* upon the *notes*. This interest was paid to him, in compliance with his demand, and he gave a receipt therefor, in which he acknowledged the receipt of $150 "for the three months' interest, *due on the first of February*, 1875," on the notes in question. This amount of interest could not be *due on those notes*, unless the rate stipulated to be paid thereon was ten per cent per annum. The interest demanded was that which had accrued from the time the loan was originally made, and it had never been renewed, and there is no room for the theory that the usurious agreement may have been made after the notes had matured and as a consideration for forbearance. Five successive quarterly payments of interest were demanded and made at the same rate and receipted for, as *due* upon the notes. The mortgage sought to be foreclosed in this action was given December 1, 1874, to secure the payment of the same notes for $6,000, and in August, 1876, the deceased wrote to H. Hathorn reminding him that two quarterly payments of interest were due thereon, and requesting him to pay $300 therefor. From the very commencement interest was demanded at the rate of ten per cent per annum as *due* upon the original securities taken, and this demand was acquiesced in. This amounted to an acknowledgment by both parties that the original securities were given under an agreement that they should bear interest at the rate of ten per cent per annum.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concur except DANFORTH, J., dissenting.

Judgment reversed.