## BOSWORTH v. KINGHORN et al.

(Supreme Court, Appellate Division, First Department. May 6, 1904.)

**1. NEW TRIALS—MOTIONS—APPEAL—ACTIONS TRIED BY COURT.**

A motion for a new trial on the minutes cannot be made in an action tried to the court, and an appeal from an order denying such a motion will not lie.

**2. INTEREST—USURY—EVIDENCE.**

Where there was no proof that at the time loans were made, and notes given therefor, any agreement was entered into for taking or giving interest in excess of the legal rate, nor any proof that the lender subsequently demanded usurious interest, the mere fact that interest in excess of the legal rate was paid at regular intervals for a number of years does not authorize an inference of a usurious agreement.

**3. SAME—CREDIT ON PRINCIPAL.**

Where there was no proof of a usurious agreement, nor anything to show that usurious interest was given or accepted in consideration of an extension of the time of payment of the loan, interest in excess of the legal rate, voluntarily paid by the borrower, could not be credited on the principal.

**4. ADMINISTRATORS—ACTIONS AGAINST—COSTS.**

Where interest in excess of the legal rate had been paid voluntarily, without any agreement, on certain notes, so that a question arose whether the notes were usurious, or whether the excess payments of interest should not be credited on the principal, the administrators of the maker of the notes were justified in resisting payment, so as to procure the determination of the question by the court, and costs should not have been awarded to the holder of the notes on procuring judgment against the administrators for the amount thereof.

Ingraham, J., dissenting in part.

Appeal from Trial Term, New York County.

Action by Laura G. Bosworth against Henry B. Kinghorn and another, as administrators of the estate of Henry G. Fisk, deceased. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Judgment affirmed, and appeal from order dismissed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

H. B. Kinghorn, for appellants.
Edward R. Otheman, for respondent.

¶ 1. See New Trial, vol. 37, Cent. Dig. § 271.

PATTERSON, J. This appeal is from a judgment in favor of the plaintiff entered after a trial by the court without a jury, and from an order denying a motion for a new trial. In a case like this there is no authority for a motion for a new trial on the minutes. An order denying it presents no question for review, and an appeal from such an order must be dismissed. Rosenquest v. Canary, 27 App. Div. 30, 50 N. Y. Supp. 111.

The action was brought against the administrators of the estate of Henry G. Fisk, deceased, on two promissory notes made by the firm of Fisk, Clark & Flagg, of which firm Henry G. Fisk was the surviving member. No question is raised concerning necessary parties defendant in the action, which has proceeded upon the assumption that, if there is any liability at all, it is enforceable against these defendants. One of the notes sued on is dated May 8, 1892, and is signed by Fisk, Clark & Flagg, of which, it is alleged, Henry G. Fisk was the surviving member, and is for the sum of $2,000, payable on demand, with interest. The other note is dated September 2, 1892, and is signed in the same firm name, and is for the sum of $1,700, payable on demand, with interest. In neither of these notes is the rate of interest specified. The action was begun in 1903. One of the defenses set up is the statute of limitations, but the proof clearly establishes that the statute does not run against either note. In addition to that defense, and denials in the answer, not necessary to be considered, the defendants set up as to each note that it was given upon a corrupt and usurious agreement made between the firm of Fisk, Clark & Flagg and the plaintiff, that the plaintiff should receive and secure to herself, and the firm of Fisk, Clark & Flagg should pay to her, for the use of the money represented by the notes, a sum greater than the rate of 7 per cent. per annum, to wit, at the rate of 10½ per cent. per annum, and that the notes were given for loans of money, and that such loans, represented by the notes, were paid to the plaintiff. There are therefore two questions arising upon this record: First. Was it shown that the notes are void for usury? Second. Was the affirmative defense of payment sustained by the proofs?

The evidence shows that both the notes sued on were given for loans of money, but there is an entire failure of proof that, at the time the loans were made or the notes given, any agreement whatever was entered into for taking or giving of interest in excess of the legal rate. It is conceded that moneys were paid to the plaintiff, as and for interest, amounting to 10½ per cent. per annum; and, as to each note, it would appear from indorsements, for some years interest was paid at regular intervals of six months, from which it is argued that an inference may be drawn that that was the rate of interest contemplated by the parties at the times the moneys were loaned and the notes given. But that inference is not admissible in this case. Where there is evidence establishing that the lender has demanded interest in excess of the legal rate, and the borrower has complied with the demand, there is something from which an inference can be drawn that performance was made of an original contract, and in accordance with its terms. Such is the case of Smith v. Hathorn, 88 N. Y. 211; but here the payments of interest in excess of the legal rate may have

been, and the proof justifies the conclusion that they were, in the nature of gratuities voluntarily made by the debtors, and for the purpose of equalizing payments made to relatives of members of the firm in transactions of some character had with them, and without either solicitation or demand of the payees as holders of the notes in suit. The evidence is altogether insufficient to sustain the defense of usury, and, as the trial justice points out, "the facts established warrant the application of the rules recognized" in Rosenstein v. Fox, 150 N. Y. 363, 44 N. E. 1027, and White v. Benjamin, 138 N. Y. 623, 33 N. E. 1037.

That the notes have not been paid in full is conceded, but it is claimed that there should be credited on the principal the amount of interest paid in excess of the legal rate; and this seems to be so claimed upon some general notion that it would be equitable to bring about that result in this action, under the defense of payment, as that is pleaded. Without regard to the sufficiency of that plea, it is manifest that neither the maker nor the holder of the notes intended that there should be any money received on account of the principal; and to make such an allowance now, under this evidence, arbitrarily by the court, and contrary to the intention of the maker of the notes and the holder, would be to impair the plaintiff's right on the notes, for there is no proof of a usurious agreement in taking this excess of interest. There is not a word to show that it was either given or accepted for the loan or forbearance of money. Not a day's extension of the indebtedness is shown to have been granted. It was the apparent intention of both parties to keep alive the obligations to the full extent of the principal sum of each note.

The cases in which usurious interest has been credited on account of the principal sum are those in which usury, involving the element of intent, was fairly made to appear. The taint must be in the agreement. But while the judgment appealed from must be affirmed, so far as the right to recover is concerned, we think that costs should not have been allowed, and that the learned trial justice was in error in certifying that the payment of the claim by the administrators of Henry G. Fisk was unreasonably resisted or neglected. We think it was not, and that the administrators were quite right in taking an attitude which required the courts to pass upon the enforceability of these notes, under the peculiar circumstances disclosed in the evidence. The judgment therefore must be modified by striking out the item of $110.50 costs, and, as thus modified, it will be affirmed, without costs to either party in this court.

The appeal from the order denying motion for new trial should be dismissed.

VAN BRUNT, P. J., and McLAUGHLIN and LAUGHLIN, JJ., concur.

INGRAHAM, J. I agree with Mr. Justice PATTERSON that there was no evidence to sustain a finding that these notes were given in pursuance of a usurious agreement. The notes, upon their face, called for the payment upon demand of the principal, with interest;

and that, it must be assumed, was the promise made by the maker of the notes, and from that promise there followed the legal obligation to pay to the payee, the plaintiff in this action, the amount specified, with interest at the rate of 6 per cent. per annum. There was indorsed upon the note the receipt of interest for each six months; the amount of interest, however, not being stated. Upon this it must be assumed that the legal interest was paid. There was evidence that at the end of each six months there was sent by the maker of the note to the payee a sum of money which would be equal to interest at the rate of 10½ per cent. per annum; but there is no evidence that this was in pursuance of any agreement or understanding with the plaintiff, that she understood that she was receiving that amount as interest upon her notes, or that there were any conditions attached to the payments. There is evidence of declarations of the defendants' testator, the surviving partner of the maker of the note, to his employé, which would indicate that these payments were voluntary payments of interest at the rate of 10½ per cent.—4½ per cent. in excess of that required by the note. But in the absence of any understanding or agreement with the plaintiff under which these payments were made, it seems to me that upon the receipt of each sum the plaintiff was required to deduct the amount due for interest, and apply the balance to the payment of the principal of the note. The notes were due on demand. The plaintiff was entitled to demand the payment of the amount due at any time, and the defendant was entitled to pay off the note at any time. When, on the 15th of November, 1892, the plaintiff received a check for the amount of interest at 6 per cent., to which she was then entitled, and also for a further sum in excess of the interest, and collected the money, it was a payment of an amount in excess of interest due, which was applicable to reduce the amount of principal; and, while agreeing with the learned trial court that there was no evidence to justify a finding of usury, I think the judgment to which the plaintiff was entitled was for the amount of the principal, less the payments made in excess of interest at 6 per cent. Upon this appeal, therefore, the judgment should be modified by reducing it to the amount due after such application as a payment on account of the principal. It would follow, as the defendant has succeeded in obtaining a substantial reduction of the claim as presented, that costs should not have been awarded against him.

The judgment should be modified accordingly, and, as modified, affirmed, without costs of this appeal.