PETSCHE v. MacDONALD.

(Supreme Court, Appellate Term, Second Department. March Term, 1916.)

1. COURTS ⊜⟹189(14)—MUNICIPAL COURTS—POWERS—VACATING JUDGMENT.
    Municipal Court Code (Laws 1915, c. 279) § 6, subd. 7, empowering the Municipal Court to vacate any process, mandate, judgment, or order, in furtherance of justice, for any error in form or substance, and to grant a new trial on any grounds for which a new trial may be granted by the Supreme Court in an action pending therein, including fraud and newly discovered evidence; authorizes the Municipal Court to grant a new trial in an action tried without a jury, though the Supreme Court has not such authority.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ⊜⟹189(14).]

2. COURTS ⊜⟹190(9)—MUNICIPAL COURTS—REVIEW—ORDER FOR NEW TRIAL.
    A Municipal Court order granting a new trial in an action tried without a jury should not be affirmed, unless it affirmatively appears that

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

there was some sufficient ground therefor; the uncertainty in the mind of the judge arising from conflicting evidence not being insufficient.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ☞190(9).]

Callaghan, J., dissenting in part.

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by John Petsche against Edward MacDonald. From an order setting aside a judgment for plaintiff, rendered by the Municipal Court after trial without jury, and granting a new trial, the plaintiff appeals. Reversed, and judgment reinstated.

Argued March term, 1916, before BLACKMAR, KAPPER, and CALLAGHAN, JJ.

Brennan & Flamman, of Brooklyn, for appellant.

Julius S. Belfer, of Brooklyn, for respondent.

BLACKMAR, J. [1] Although the Supreme Court has no power in a case tried before the court without a jury to set aside the judgment and direct a new trial (Rosenquest v. Canary, 27 App. Div. 30, 50 N. Y. Supp. 111; Bosworth v. Kinghorn, 94 App. Div. 187, 87 N. Y. Supp. 983 (affirmed in 179 N. Y. 590, 72 N. E. 1139), yet that power seems plainly to be given to the Municipal Court by subdivision 7 of section 6 of the Municipal Court Code (Laws 1915, c. 279). That section of the Municipal Court Code, which grants power "to vacate * * * any process, mandate, judgment, order or final order, in furtherance of justice, for any error in form or substance" apparently plainly refers to errors found in the record itself, for such an error only can be an error in form or substance; and, if a judgment be vacated, the issues then remain undetermined, and a new trial must be had as matter of course. The last clause of that subdivision, which gives power to grant a new trial "upon any of the grounds for which a new trial may be granted by the Supreme Court in an action pending therein, including the grounds of fraud and newly discovered evidence," obviously has reference to some cause which is not error on the record, but which is outside the record of the trial, and which may be shown by affidavits, like, for instance, newly discovered evidence, fraud, or surprise. I think, therefore, that the court had power to make this order.

[2] The case was tried fully. The court, after hearing the evidence, rendered judgment for the plaintiff. The judgment was supported by the evidence, although it was conflicting and confused. Under these circumstances, I do not think that the order vacating the judgment should be affirmed, unless it affirmatively appears that there was some sufficient ground therefor. In this case I see nothing but a possible uncertainty in the mind of the justice which survived the pronouncement of the judgment. While I uniformly uphold the decision of a trial judge setting aside the verdict of a jury and ordering a new trial, unless obviously erroneous, I do not approve the action of a trial court in vacating a judgment rendered by himself, unless for good cause made apparent to the appellate court.

The order should be reversed, and the judgment reinstated, with $10 costs.

KAPPER, J. (concurring). The limitation upon the power of the Supreme Court in a case tried before the court without a jury, to which both of my Associates refer, should not obtain in the Municipal Court, where jury trials are not the rule, and only had pursuant to demand therefor. The Municipal Court should retain its status as a court for the speedy disposition of the cases of litigants having small claims, and its judges, as a rule, should be the jury. Where, therefore, incompetent evidence is received or error committed upon the trial of a cause before a judge of the Municipal Court sitting without a jury, his power to correct the error under subdivision 7 of section 6 of the Municipal Court Code should not be hampered or restricted by likening the cause before him to the trial of an equity case in the Supreme Court. To do so works, in my opinion, for delay and expense, because such is the inevitable result, if the error is curable solely by an appeal.

CALLAGHAN, J. (concurring in result). I concur in the reversal of the order appealed from on the sole ground that a justice of the Municipal Court is without power to set aside a judgment for any cause, except fraud or newly discovered evidence, after trial before the court without a jury. Subdivision 7 of section 6 of the Municipal Court Code, defining the jurisdiction of that court, is in part as follows:

"* * * To grant a new trial upon any of the grounds for which a new trial may be granted by the Supreme Court in an action pending therein, including the grounds of fraud and newly discovered evidence."

This part of the section is a limitation upon the words found in the first part of subdivision 7 of section 6, which confers power "to vacate * * * any process, mandate, judgment, order or final order, in furtherance of justice, for any error in form or substance," and limits the power to set aside such judgments and grant new trials to the power conferred upon the Supreme Court; and inasmuch as a justice of the Supreme Court is without power to set aside a judgment once granted, after trial before the court without a jury, it is difficult to see how we can extend this power to the Municipal Court.

It is a cardinal rule in the construction of statutes that words of general import are limited by words of restricted import immediately following and relating to the same subject. 36 Cyc. p. 1119. Tested by this rule, I am compelled to construe this statute as limiting and restricting the power of the Municipal Court to that possessed by the Supreme Court. By section 254 of the old Municipal Court Act (Laws 1902, c. 580) power was given to the trial judge to set aside a judgment after trial before the court without a jury and grant a new trial. But no such provision was incorporated in the present Code. It may well be that this power was unreasonably exercised, and the Legislature intended to avoid an abuse of the power which might be exercised under that provision; besides, no good reason can be assigned for extending to a trial judge the power to review a judgment rendered by him after he has once had an opportunity to fully deliberate upon it before first deciding. That power can properly be exercised only by an appellate court.

Order reversed, with $10 costs, and the judgment reinstated.